NARDONE, Appellee,

v.

NARDONE, Appellant.

[Cite as *Nardone v. Nardone* (1989), 63 Ohio App.3d 798.]

Court of Appeals of Ohio,
Medina County.

No. 1779.

Decided Aug. 16, 1989.

*Charles T. Lawrie,* Assistant Prosecuting Attorney, for appellee.

*Richard D. Eisenberg,* for appellant.

CACIOPPO, Presiding Judge.

Appellee, Nancy Nardone, and appellant, Anthony Nardone, Jr., dissolved their marriage in the Cuyahoga County Court of Common Pleas in 1979. The court ordered appellant to pay $40 per week child support plus all reasonable and necessary medical expenses for the one child born during the marriage.

Appellee and appellant subsequently moved to Medina County. On January 21, 1988, appellee filed a "Petition to Register a Foreign Support Order" in the Medina County Court of Common Pleas. A certified copy of the judgment entry of the dissolution, which included the support order, was attached to the petition.

On August 3, 1988, at a hearing on appellee's motion to show cause for failure to pay child support, a Medina County court referee recommended that appellant pay child support, plus a lump sum which included child support arrearages and medical expenses. The trial court overruled appellant's objections to the referee's report. Appellant appeals.

### Assignment of Error I

"The trial court erred in finding that registration of the appellee's divorce decree in Medina County, which decree was obtained in Cuyahoga County, was proper."

■ R.C. Chapter 3115, Ohio's version of the Uniform Reciprocal Enforcement of Support Act, governs registration of foreign support orders. Nancy filed a petition to register the support order pursuant to R.C. Chapter 3115. Anthony submits that R.C. Chapter 3115 applies when the parties reside in separate counties or states. Since Anthony and Nancy reside in the same county, Anthony contends that Nancy's registration under R.C. Chapter 3115 was ineffective. Therefore, he argues that the trial court lacked jurisdiction to hear the case because Nancy did not properly register the support order in Medina County.

The trial court reviewed R.C. Chapter 3115 and found that the Act covered the proceedings. The court noted that the legislative purpose of the Act is to improve and extend the "enforcement of duties of support" (R.C. 3115.01[A]) and, therefore, the Act seeks to ensure that support is continued wherever the obligor resides.

"Jurisdiction of all proceedings under sections 3115.01 to 3115.22, inclusive, of the Revised Code, is vested in any trial court of record." R.C. 3115.08(B). R.C. 3115.09(A) directs that the complaint be verified, state the name, address, and circumstances of the obligor and the persons for whom support is sought, and state all other pertinent information.

"The complaint may be filed in the appropriate court of any state in which the obligee resides. The court shall not decline or refuse to accept and forward the complaint on the ground that it should be filed with some other court of this or any other state where there is pending another action for divorce, separation, annulment, dissolution, habeas corpus, adoption, or custody between the same parties or where another court has already issued a

support order in some other proceeding and has retained jurisdiction for its enforcement." R.C. 3115.09(B).

Since Medina is the court of record, and Nancy filed the support order in the court located in the county in which she resides, that court cannot refuse jurisdiction. The first assignment of error is overruled.

### Assignment of Error II

"The trial court erred in ruling that the motion to show cause involved herein was not a criminal matter, and that the standard of proof required was therefore a preponderance of the evidence."

Anthony asserts that the trial court should have applied a clear and convincing standard of proof in the hearing on Nancy's motion to show cause for failure to pay child support.

The trial court held that the case matter is not criminal and that the standard required is proof by a preponderance of evidence.

"A court has authority both under R.C. 2705.02(A) and on the basis of its inherent powers to punish the disobedience of its orders with contempt proceedings." *Zakany v. Zakany* (1984), 9 Ohio St.3d 192, 9 OBR 505, 459 N.E.2d 870, syllabus. " * * * Violations which are primarily offenses against the party for whose benefit the order was made, and where the primary purpose of the punishment is remedial or coercive and for the benefit of the complainant, are civil contempts, and the sanction must afford the contemnor the opportunity to purge himself of his contempt. * * * " *Tucker v. Tucker* (1983), 10 Ohio App.3d 251, 252, 10 OBR 364, 366, 461 N.E.2d 1337, 1339. The motion to show cause for failure to pay child support is a civil matter. The trial court applied the correct standard of proof. The second assignment of error is overruled.

### Assignment of Error III

"The trial court erred in overruling appellant's objection to reference of the motion to show cause to a referee, in view of the criminal nature of the proceedings."

Anthony argues that the trial court impermissibly referred the case to a referee who lacked the authority to hear a motion to show cause for failure to pay child support. His argument is based on the premise that the case was a criminal matter.

The third assignment of error is overruled because the motion to show cause for failure to pay child support is a civil matter. Civ.R. 75(C) vests the referee with authority to hear the matter involved in the instant case.

### Assignment of Error IV

"The trial court erred in overruling appellant's objection to the fact that the referee proceeded with the show cause hearing without a court reporter present, notwithstanding appellant's timely request, at said hearing, that a court reporter be provided."

■ Anthony argues that the referee should have ordered a court reporter to record the proceedings of the show cause hearing. The record indicates that Anthony orally requested that the referee order a court reporter to record the proceedings at the commencement of the hearing.

" * * * R.C. 2301.20, Civil Rule 53(C) and Civil Rule 54(D) are to be read in *pari materia,* and inasmuch as they are in harmony and not in conflict, they clearly require the court to provide a shorthand reporter to record the evidence if properly requested by a party to a suit or his attorney. * * * " *White v. White,* (1977), 50 Ohio App.2d 263, 270, 4 O.O.3d 225, 229, 362 N.E.2d 1013, 1018. A party who wants a court reporter to record the evidence at a trial before a referee has an affirmative duty under Civ.R. 53(C) to file a written motion requesting a court reporter to make a record of the evidence. *Id.* at 271, 4 O.O.3d at 229, N.E.2d at 1018.

Anthony did not file a written motion requesting a court reporter to record evidence at the hearing. He failed to comply with the requirements of Civ.R. 53(C), so the trial court had no affirmative duty to provide a court reporter. The fourth assignment of error is overruled.

### Assignment of Error V

"The trial court erred in finding that the appellant was obligated to the appellee for unpaid medical bills, no reference to medical bills having been made in appellee's affidavit in support of her motion, thus depriving appellant of reasonable notice of said alleged debt prior to the show cause hearing, and subjecting him to unfair surprise regarding the question."

■ Anthony contends that the court should not have permitted any testimony regarding medical bills because no mention of medical bills had been made prior to the hearing, thus depriving him of notice and an opportunity to defend against the charges.

R.C. 2705.03 requires "[n]otice which apprises the defendant of the nature of the charge against him so that he may prepare a defense * * *." *Cincinnati v. Cincinnati District Council 51* (1973), 35 Ohio St.2d 197, 64 O.O.2d 129, 299 N.E.2d 686, paragraph two of the syllabus. The record indicates that the requirement of R.C. 2705.03 was met. The motion to show cause filed against Anthony stated that " * * * Nancy J. Guinn * * * requests this court

to find * * * Defendant in Contempt of Court for failure to pay child support and/or medical bills as ordered * * *." The motion to show cause notified Anthony that a court had ordered him to pay medical bills and that he allegedly had failed to pay them. The fifth assignment of error is overruled.

The decision of the trial court is affirmed.

*Judgment affirmed.*

REECE, J., concurs.

QUILLIN, J., concurs in judgment only.