PASTORIUS, Appellant,

v.

PASTORIUS, Appellee.

[Cite as *Pastorius v. Pastorius* (1992), 81 Ohio App.3d 403.]

Court of Appeals of Ohio,
Union County.

No. 14–92–6.

Decided June 16, 1992.

*Ric Daniell,* for appellant.
*Don W. Fraser,* for appellee.

Hadley, Presiding Judge.

This is an appeal by plaintiff-appellant, John James Pastorious, from a judgment of the Union County Court of Common Pleas granting defendant-appellee Janice E. Pastorious' (n.k.a. Rounds) motion to modify a previous order for child support, and for an order requiring appellant to reimburse appellee for one half of the medical expenses incurred for the minor children.

In early 1986 the parties hereto were granted a divorce by the Franklin County Court of Common Pleas. Appellant was ordered to pay child support in the amount of $40 per week for each of the parties' two minor children. Additionally, appellant was required to maintain health insurance coverage on the children, with any uninsured medical expenses to be divided equally between the parties.

The record reflects that from the date of divorce through the initiation of this action, appellant remained current on his child support payments and, though insurance coverage on the children was maintained, appellant was never presented with any uninsured medical bills for purposes of his one-half reimbursement.

On October 1, 1991, pursuant to R.C. 3115.32, appellee filed a "Registration of Foreign Support Order" with the Union County Court of Common Pleas and appellant was duly served with notice of said registration. On November 15, 1991, appellee filed a "Motion for Modification of Order for Support" based on a change in circumstances. Therein appellee also requested an order requiring appellant to reimburse her for one half of the medical expenses incurred for the minor children. Attached to the motion was a list of medical expenses, apparently compiled from check stubs dating back to 1986.

In appellant's memorandum contra appellee's motion, he argued that modification was not within the court's jurisdiction in an action filed under Ohio's version of the Uniform Reciprocal Enforcement of Support Act ("URESA"). The case was heard by the trial court and, on December 13, 1991, the court ruled that it had jurisdiction under R.C. 3115.01 *et seq.* to modify a foreign support order, as part of the powers vested to enforce the support obligation of a party.

Thereafter, in a judgment entered January 21, 1992, the court modified appellant's child support obligation, calculating pursuant to R.C. 3113.215, from $40 to $71.07 per week for each minor child. The court also ordered appellant to reimburse appellee in the amount of $1,708.94, as his one-half share of past uninsured medical expenses.

Appellant now appeals from the foregoing judgment, posing the following two assignments of error:

Assignment of Error No. 1

"The court committed error when it determined that the registration of a foreign support order, pursuant to O.R.C. 3115.32, allowed the court to increase child support."

By this assignment of error appellant contends that the trial court lacked jurisdiction to increase the "registered" foreign child support order. However, for reasons far more fundamental than those that appellant proposes, we find that the trial court not only lacked jurisdiction to increase the support award but, because the statutory provision expressly permitting "inter-county" URESA actions was explicitly repealed, the matter was improvidently brought before the trial court.

Both the "Uniform Reciprocal Enforcement of Support Act" of 1950, as amended in 1952 and 1958, and the "Revised Uniform Reciprocal Enforcement of Support Act" of 1968, contain similar provisions allowing for application of the Act to "inter-county" or "intrastate" matters. See 9B Uniform Laws Annotated 553, "URESA" of 1950, 601, Section 32; and 9B Uniform Laws Annotated 381, "RURESA" of 1968, 535, Section 33.

In Am.H.B. No. 504, effective Oct. 27, 1971, the Ohio legislature substantially enlarged Ohio's version of URESA, found in R.C. Chapter 3115. The legislation included the addition of R.C. 3115.32, a provision allowing an obligee the alternative enforcement remedy of registering a foreign support order in a court of this state. R.C. 3115.32 provides, in pertinent part, as follows:

"(A) If a duty of support is based on a foreign support order, the obligee has the additional remedies provided in this section.

"(B) The obligee may register the foreign support order in a court of this state in the manner, with the effect, and for the purposes provided in this section.

"* * * *

"(G) Upon registration the registered foreign support order shall be treated in the same manner as a support order issued by a court of this state. It has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacation, or staying as a support order of this state and may be enforced and satisfied in like manner."

R.C. 3115.05, the "jurisdictional" provision, became R.C. 3115.08 and was amended to provide, in pertinent part:

"(A) All duties of support, including the duty to pay arrearages, are enforceable by a proceeding under sections 3115.01 to 3115.34, inclusive, of the Revised Code, including a proceeding for civil contempt. * * *

"(B) Jurisdiction of all proceedings under sections 3115.01 to 3115.22, inclusive, of the Revised Code, is vested in any trial court of record."

Also included in the 1971 legislation was R.C. 3115.30, a provision, modeled after Section 33 of "RURESA," *supra,* which authorized application of the traditionally "interstate" URESA to actions of an "intrastate" nature. R.C. 3115.30 provided, in pertinent part, that:

"Sections 3115.01 to 3115.34, inclusive, of the Revised Code apply when both the obligee and the obligor are in this state, but in different counties. * * *"

However, effective June 29, 1988, the Ohio legislature explicitly repealed R.C. 3115.30 in order to *"eliminate intrastate use of URESA."* (Emphasis added.) See Am.Sub.H.B. No. 242. (142 Ohio Laws, Part II, 3038.)

In the case *sub judice,* appellee attempts an "intrastate use of URESA" by registering her Franklin County support order in the Union County Court of Common Pleas, under the guise that there is a "duty of support" based on a foreign support order, and she is registering the foreign support order "in a court of this state." See R.C. 3115.32(A) and (B).

We hold that appellee's attempt to utilize R.C. 3115.32 in a strictly intrastate action is improper under the law as it now stands. When R.C. 3115.30 was the law in Ohio, it expressly encompassed all of R.C. Chapter 3115. Thus, with the explicit repeal of R.C. 3115.30, logic dictates that neither R.C. 3115.32 nor 3115.08 should now be construed to permit exactly that for which the legislature rescinded its authorization.

The propriety of our interpretation is supported by the legislature's choice of "interstate" nomenclature found throughout R.C. Chapter 3115, including the relevant guideline for statutory construction,[1] and indirectly by the fact that URESA registration is rarely utilized in interstate actions, let alone in the intrastate enforcement of support orders. The remarks that appellee's counsel gave at the close of the hearing are especially revealing on this point:

"I'd like to state one more thing for the record, if I may, Judge. I want the Court to understand, in the event you find out you don't have jurisdiction on the support, that I don't know the answer to the question. I'm submitting to you what I think is the answer, and what I think controls, and I'm doing that on the basis of the fact that it was done to me in Franklin County, but that doesn't mean it was right, so I just didn't want you to think that—"

The case in which the trial court primarily relied upon in this matter was *Cochenour v. Bradley* (Nov. 8, 1988), Logan App. No. 8–87–13, unreported,

---

1. R.C. 3115.33 provides: "Sections 3115.01 to 3115.34, inclusive, of the Revised Code shall be so construed as to effectuate the general purpose to make uniform the law of those states which enact a uniform reciprocal enforcement of support act."

1988 WL 122509. *Cochenour* was a URESA action, dealing solely with the availability of the laches defense, where we expressed doubts as to the applicability of R.C. 3115.01 *et seq.* to "inter-county" support actions. Unfortunately, as this issue was not sufficiently expounded upon, we find it necessary to modify our ruling in *Cochenour* to the extent that it is inconsistent with our opinion herein.

The other recent case dealing with the application of R.C. Chapter 3115 to "inter-county" matters is *Nardone v. Nardone* (1989), 63 Ohio App.3d 798, 580 N.E.2d 448. Paragraph one of the *Nardone* headnotes reads:

"Court of Common Pleas located in Medina County where both husband and wife had moved after dissolution of marriage, had jurisdiction to enforce Cuyahoga County court's support order after wife filed the order in Medina County, despite husband's claim that statute provides for registration of foreign support order only when parties reside in separate counties or states. R.C. §§ 3115.08(B), 3115.09(A, B)."

After citing the statutory provisions mentioned at the end of the first headnote, the *Nardone* court's analysis consists of the following:

"Since Medina is the court of record, and Nancy [the obligee] filed the support order in the court located in the county in which she resides, that court cannot refuse jurisdiction." *Id.* at 801, 580 N.E.2d at 449.

Though we believe the analysis to be faulty and the result to be even more dubious, the ruling in *Nardone* is nevertheless factually distinguishable from the case *sub judice.* Notwithstanding the fact that the appellee in *Nardone* filed a "Petition to Register a Foreign Support Order" and the word "registration" is frequently used, the court's analysis never refers to R.C. 3115.32. Rather, of the sections relied upon, R.C. 3115.08(B) provides that jurisdiction is vested in any trial court of record for proceedings under *R.C. 3115.01 to 3115.22*, and R.C. 3115.09(A) and (B) govern the contents of a *complaint* and where the complaint may be filed.

As we find that the Union County Court of Common Pleas was without the statutory authority to initially "register" a Franklin County support order pursuant to R.C. 3115.32, appellee's motion for "Registration of Foreign Support Order" should have been dismissed. Thus, the trial court's ruling on appellee's motion for modification of support was void *ab initio.* Accordingly, the issue of whether a court of this state can modify a rendering state's support order, once it has been validly registered in this state, need not be addressed.

Therefore, appellant's first assignment of error is sustained.

Assignment of Error No. 2

"The court committed error when Appellant was ordered to pay Appellee one half of her purported uninsured medical expenses."

Based on the above holding, it is clear that the trial court was also without the requisite subject matter jurisdiction in this circumstance to order appellant to pay one half of appellee's purported uninsured medical expenses. However, as the record reflects that appellant has fully reimbursed appellee for his share of the medical expenses, we find that the issue is rendered moot and appellant's second assignment of error is overruled.

Therefore, finding appellant's first assignment of error to be well taken, the judgment of the Union County Court of Common Pleas is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed*
*and cause remanded.*

THOMAS F. BRYANT and SHAW, JJ., concur.