OPINION
{¶ 1} Plaintiff-appellant, Luther L. Liggett ("Liggett"), appeals from the May 31, 2005 decision of the Franklin County Court of Common Pleas, Division of Domestic Relations, which required him to cooperate fully with the sale of the residence located at 6129 Balmoral and to agree to the listing price selected by his former wife's chosen realtor. Liggett asserts the trial court erred in issuing the ruling. For the reasons that follow, we reverse the decision of the trial court.
 {¶ 2} Liggett and his former wife, appellee Anne E. Drake Liggett ("Drake-Liggett"), were divorced on October 29, 2003 pursuant to an agreed judgment entry/decree of divorce. Section four of that decree addresses the residential real property located at 6129 Balmoral. The decree provides, in pertinent part:
On or before November 1, 2008, the parties shall sell the real estate, with the proceeds divided as follows: payment of first mortgage, payment of costs of the sale, 8.48% of the gross sales price to Plaintiff (as an additional property division, in recognition of his separate property interest in the house) and 50% of the remaining net equity to each of the two parties. The Court reserves, pursuant to Civil R. 70, the authority to appoint an individual to act on behalf of either party if either refuses to cooperate in the sale of the house. * * *
 {¶ 3} On May 27, 2004, Drake-Liggett filed a motion for a citation of contempt against Liggett alleging he willfully failed to sign a listing agreement for the Balmoral real estate. Drake-Liggett wished to sell the real estate and move to a smaller, less expensive home. The matter was set for hearing on August 11, 2004. On June 25, 2004, Drake-Liggett moved for an emergency hearing on her contempt motion. She alleged she risked financial insolvency if she could not list and sell the residence prior to November 2004. Without the necessity of a hearing, the parties agreed, through an agreed judgment entry filed September 7, 2004, to list the house with a particular realtor at a price of $577,270. The listing contract expired November 17, 2004. The house was not sold during the contract period.
 {¶ 4} On February 22, 2005, Drake-Liggett, now pro se, filed a motion styled "motion to dismiss" requesting various types of relief on several different issues. In that motion, Drake-Liggett moved the court, in pertinent part, to issue a decision on her May 27, 2004 motion for contempt and require Liggett to sign paperwork to again list the Balmoral residence for sale. The matter was heard and evidence was taken before a magistrate on April 14, 2005.
 {¶ 5} On April 11, 2005, Drake-Liggett moved for an emergency hearing on her May 27, 2004 contempt motion. The matter was set for hearing on April 26, 2005 before the trial judge. Drake-Liggett and counsel for Liggett appeared on that date. While arguments were heard, the court did not take evidence on the matter.
 {¶ 6} On May 31, 2005, the judge issued a judgment entry which found Drake-Liggett's motion for contempt to be premature based on the language of the divorce decree that provided for a November 1, 2008 sale deadline. Despite the finding, the court then went on to order Liggett to agree to the listing price chosen by Drake-Liggett's realtor and to cooperate with the sale of the property. Liggett appeals from that entry.
 {¶ 7} Subsequent to Liggett's appeal, the magistrate also issued a decision on Drake-Liggett's contempt motion. The magistrate found, based on the language of the divorce decree:
* * * If one of the parties desired to sell before 11/1/08, the other had only to choose the alternative described as on 11/1/08. The word "or" indicates this option . . . one or the other (on or before). This language left open the ability of the parties to agree to a sale before 11/1/08 (which is what eventually happened), but neither party was required to sell before that date. If neither party was required to sell before 11/1/08, then [Drake-Liggett] could not have forced the [Liggett] to sign a listing contract or otherwise cooperate in a sale until 11/1/08. Therefore, there was no Motion or other Court assistance which could be filed and successfully prosecuted by either party to force the other to comply with the sale of the house provision until 11/1/08. * * *
The trial judge adopted the magistrate's decision on June 29, 2005. Although the magistrate's decision and the court's subsequent adoption of it are not now before us, we mention it for background purposes only. The validity or appropriateness of the decision and adoption have not been appealed by either party.
 {¶ 8} Liggett asserts two assignments of error based on the May 31, 2005 judgment entry:
1. THE TRIAL COURT ERRED BY ISSUING A RULING MODIFYING THE PROPERTY SETTLEMENT ALLEGEDLY PURSUANT TO A REQUEST FOR A FINDING OF CONTEMPT BY DEFENDANT WHERE PLAINTIFF WAS NEVER SERVED WITH A SHOW CAUSE ORDER, NO EVIDENCE WAS PRESENTED, AND THE COURT ACKNOWLEDGED THAT THE REQUEST FOR CONTEMPT WAS NOT "RIPE."
2. THE TRIAL COURT ERRED BY ISSUING A RULING THAT MODIFIES THE TERMS OF THE AGREED PROPERTY SETTLEMENT CONTAINED IN THE JUDGMENT ENTRY/DECREE OF DIVORCE IN VIOLATION OF THE TERMS OF § 3105.171
REVISED CODE.
 {¶ 9} We begin with Liggett's second assignment of error. While a trial court in a divorce case does have the power to clarify and construe its original property division, R.C.3105.171(I) provides that a court cannot modify the original division of marital property after it has been filed. Murphy v.Murphy, Trumbull App. No. 2001-T-0147, 2002-Ohio-7277. Some Ohio courts have recognized a limited exception to the statute where a court punishes a party for contempt. Dombroski v. Dombroski
(Sept. 28, 1999), Harrison App. No. 506.
 {¶ 10} In the instant case, the original division of property made by the court pursuant to R.C. 3105.171 is contained in the October 29, 2003 divorce decree. The decree provides, in pertinent part, "[o]n or before November 1, 2008, the parties shall sell the real estate" located at 6129 Balmoral. Pursuant to section (I) of R.C. 3105.171, the trial court cannot modify the property division, including the date by which the Balmoral property must be sold. By ordering Drake-Liggett to "immediately" choose a realtor who would then choose a sale price for the Balmoral residence and also requiring Liggett to agree to the price and cooperate in the sale of the property, the court has improperly accelerated the property's sale date by approximately three years.
 {¶ 11} Arguably, the trial court may have had the authority to modify the original property division by accelerating the property sale date if done pursuant to a finding of contempt against Liggett. However, the trial court found, both in the May 31, 2005 entry and the June 29, 2005 entry, that contempt was not appropriate based upon the language of the divorce decree.
 {¶ 12} Therefore, we hold the trial court improperly modified the original property division in contravention of R.C. 3105.171. We reverse the trial court's decision insofar as it modifies the original division of property. We do not address the trial court's determinations regarding the appropriateness of contempt in this instance, as that issue is not before us.
 {¶ 13} In his first assignment of error, Liggett argues that the trial court lacked jurisdiction to modify the divorce decree because he had not been personally served. In light of our earlier finding that the trial court erred in modifying the divorce decree, we need not address this assignment of error. Regardless of whether service was proper, the court could not have modified the divorce decree to require sale of the Balmoral property prior to November 1, 2008.
 {¶ 14} Accordingly, appellant's second assignment of error is sustained rendering the first assignment of error moot. We reverse the May 31, 2005 judgment entry insofar as it modifies the property division contained within the October 29, 2003 divorce decree. We remand this matter to the trial court for proceeding consistent with this opinion.
Judgment reversed; case remanded.
Sadler and French, JJ., concur.