OPINION
{¶ 1} Appellant Daniel J. Reed appeals two post-decree decisions of the Stark County Court of Common Pleas, Domestic Relations Division. Appellee Julia Reed is appellant's former spouse. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant and appellee were married on June 26, 1987. There are two children of the marriage: Laura, born in 1989, and Joseph, born in 1993.
 {¶ 3} On May 1, 2007, the Stark County Court of Common Pleas, Domestic Relations Division, issued a decree of divorce, incorporating the parties' separation agreement. Said separation agreement included provisions that appellant would have supervised visits with Laura, and that, pursuant to a shared parenting agreement, appellant would have supervised parenting time with Joseph, with potential unsupervised parenting time conditioned upon future approval by the guardian ad litem.
 {¶ 4} Furthermore, in regard to property division, the separation agreement required that the marital home in Jackson Township be listed at $210,000 for ninety days, at which time, if unsold, the property was to be auctioned.
 {¶ 5} Just six weeks after the divorce was final, appellant filed a motion for "immediate review" of the parenting time arrangement regarding Joseph. The matter was heard by the chief magistrate on July 10, 2007, who found the requested review "not appropriate based upon [the] Shared Parening (sic) Agreement between [the] parties." Magistrate's Order at 1.
 {¶ 6} On July 12, 2007, appellant filed a motion to set aside the magistrate's order. The matter was set for hearing on July 18, 2007, at the same time set for pending contempt motions previously filed by the parties. The court issued a judgment entry on *Page 3 
the same day, finding neither party in contempt; however, no mention was made of appellant's motion to set aside.
 {¶ 7} On October 3, 2007, the guardian ad litem filed a motion for an ex parte "no contact" order between appellant and the parties' son, Joseph, alleging that appellant had refused to provide the names of experts, had failed to sign release forms, and was "manipulating" Joseph. The guardian also requested a psychological evaluation. The trial court granted both requests on October 3, 2007.
 {¶ 8} On October 17, 2007, the court, upon a motion filed by the guardian ad litem, dismissed what it labeled as appellant's custody motion, and ordered that the no-contact order remain in effect "until Daniel Reed cooperates with the Guardian [ad Litem] and follows through with all court orders or until further order from this court." Judgment Entry, October 17, 2007.
 {¶ 9} On October 24, 2007, appellee filed a motion asserting she could not locate appellant, and requesting permission to execute appellant's name on an auction agreement for selling the marital home, as set forth in the separation agreement. On October 24, 2007, the court granted, ex parte, an order requiring the home to be listed for auction with Kiko, Inc. within 45 days, and further authorizing appellee to execute appellant's name on the auction agreement.
 {¶ 10} Appellant filed a notice of appeal on November 14, 2007, as to the October 17th judgment entry. Appellant then filed a notice of appeal on November 21, 2007, as to the October 24th judgment entry. We consolidated both appeals on February 22, 2008, with 2007CA00321 to be the controlling case number. Appellant herein raises the following four Assignments of Error: *Page 4 
 {¶ 11} "I. THE TRIAL COURT ERRED BY GRANTING AN EX-PARTE ORDER FOR NO CONTACT BETWEEN APPELLANT AND HIS MINOR SON.
 {¶ 12} "II. THE TRIAL COURT ERRED BY GRANTING AN EX-PARTE ORDER PERMITTING APPELLEE TO SIGN APPELLANT'S NAME TO AN AUCTION LISTING AGREEMENT.
 {¶ 13} "III. THE TRIAL COURT ERRED BY GRANTING DISMISSAL OF `MOTION FOR CUSTODY.'
 {¶ 14} "IV. THE TRIAL COURT ERRED BY CLOSING THE CASE, IGNORING APPELLANT'S MOTIONS."
 I. {¶ 15} In his First Assignment of Error, appellant contends the trial court erred in granting an ex parte no-contact order regarding appellant and Joseph. We disagree.
 {¶ 16} Issues of visitation and the granting of no contact orders are within the sound discretion of the trial court, and the trial court's discretion must be exercised in a manner to best protect the interest of the child. See In re Cassidy, Stark App. No. 2001CA00278, 2002-Ohio-2897, citing In re: Whaley (1993), 86 Ohio App.3d 304, 317, 620 N.E.2d 954.
 {¶ 17} We reiterate that pursuant to App. R. 16(A)(7), an appellant's brief shall include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions * * *." (Emphasis added.) Appellant's argument cites no supporting legal authority, and is replete with unreferenced factual assertions and appendices which appear to be dehors the trial court record. This Court is cognizant that appellant is proceeding pro se; *Page 5 
however, "[w]hile insuring that pro se appellants * * * are afforded the same protections and rights prescribed in the appellate rules, we likewise hold them to the obligations contained therein." State v.Wayt (Mar. 20, 1991), Tuscarawas App. No. 90AP070045, 1991 WL 43005.
 {¶ 18} Upon review, we are unpersuaded the issuance of the ex parte no contact order constituted an abuse of discretion under the facts and circumstances presented.
 {¶ 19} Appellant's First Assignment of Error is overruled.
 II. {¶ 20} In his Second Assignment of Error, appellant contends the trial court erred, in the ex parte judgment entry of October 24, 2007, in authorizing appellee to sign on appellant's behalf on the auction agreement for the marital home. We disagree.
 {¶ 21} It is well established that a trial court retains jurisdiction to enforce its judgments. Dvorak v. Dvorak, Portage App. No. 2006-P-0003,2006-Ohio-6875, ¶ 7. Furthermore, Civ. R. 70 states in pertinent part: "If a judgment directs a party to execute a conveyance of land, to transfer title or possession of personal property, to deliver deeds or other documents, or to perform any other specific act, and the party fails to comply within the time specified, the court may, where necessary, direct the act to be done at the cost of the disobedient party by some other person appointed by the court, and the act when so done has like effect as if done by the party. * * *."
 {¶ 22} In the case sub judice, the separation agreement incorporated into the parties' divorce clearly required the home to be listed for auction if not sold by a date certain. Upon review, we hold appellant has failed to demonstrate prejudicial error under these circumstances. *Page 6 
 {¶ 23} Accordingly, appellant's Second Assignment of Error is overruled.
 III. {¶ 24} In his Third Assignment of Error, appellant contends the trial court erred in dismissing his "custody" motion. We disagree.
 {¶ 25} On October 17, 2007, the trial court dismissed what it labeled as appellant's custody motion, and ordered that the ex parte no-contact order remain in effect "until Daniel Reed cooperates with the Guardian [ad Litem] and follows through with all court orders or until further order from this court." Judgment Entry, October 17, 2007. No provision was made for redress of the allegations against appellant in the guardian ad litem's motion for the ex parte no contact order.
 {¶ 26} This Court has reiterated that due process generally requires that a deprivation of life, liberty, or property be preceded by notice and opportunity for hearing appropriate to the nature of the case.Himes v. Himes, Tuscarawas App. No. 2002 AP 10 0084, 2003-Ohio-2935, ¶ 9, citing Cleveland Bd. of Educ. v. Loudermill (1985), 470 U.S. 532,542, 105 S.Ct. 1487, 84 L.Ed.2d 494. At a minimum, due process of law requires notice and opportunity for a hearing, that is, an opportunity to be heard. Id., citing Mathews v. Eldridge (1976), 424 U.S. 319,96 S.Ct. 893, 47 L.Ed.2d 18. The prejudice which may inherently result from an ex parte order "can be cured by a full hearing with appropriate notice on the issue submitted for the court's review." In reKnight, Trumbull App. No. 2002-T-0158, 2003-Ohio-7222, ¶ 11.
 {¶ 27} We recognize that ex parte no contact orders are frequently necessary in family court proceedings, and, as per our holding in appellant's First Assignment of Error, there was no error in granting same in the case sub judice. In the October 17, *Page 7 
2007 judgment entry dismissing appellant's motion for review, the trial court effectively reached the factual conclusion that appellant had not been cooperating with the guardian ad litem, thus extending the "ex parte" no contact order in an indefinite manner, without providing an opportunity for appellant to respond to the guardian's allegations via a scheduled hearing. Ordinarily, we would conclude such a ruling constitutes a violation of appellant's right to due process and would warrant a remand for further proceedings. However, a closer inspection of the record reveals the trial court, via a judgment entry dated October 31, 2007, prior to appellant's notices of appeal, ordered the issues of the no contact order and psychological evaluation set for hearing.
 {¶ 28} Appellant's Third Assignment of Error is therefore overruled. The no contact order shall remain in effect pending further hearing/order of the trial court.
 IV. {¶ 29} In his Fourth Assignment of Error, appellant contends the trial court erred by effectively closing his case and declining further redress of pending motions.
 {¶ 30} In light of our above holding, appellant's Fourth Assignment of Error is found without merit and is overruled.
 {¶ 31} For the foregoing reasons, the judgments of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, are hereby affirmed.
Wise, J., Gwin, P. J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgments of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, are affirmed. The no contact order shall remain in effect pending further hearing/order of the trial court.
 Costs are assessed to appellant. *Page 1