DECISION AND JUDGMENT ENTRY
{¶ 1} Donald Townsend ("ex-husband") appeals the trial court's decision finding him in contempt for failure to pay certain marital debts as required by the dissolution decree. On appeal, ex-husband contends that the trial court erred when it found him in contempt for failure to pay certain debts and ordered that his $5,000 from the sale of the marital residence be placed in a trust account and then released to his ex-wife to apply toward the debts. Because competent, credible evidence supports the trial court's finding of contempt, and because the court has broad discretion when it imposes sanctions, we disagree. Accordingly, we affirm the judgment of the trial court. *Page 2 
 I. {¶ 2} On June 14, 2004, the trial court dissolved the parties' marriage and incorporated their separation agreement into the decree. Under the separation agreement, ex-wife received the marital residence and assumed the related indebtedness. The agreement provided that if ex-wife sold the residence before the children turned eighteen, she would reimburse ex-husband $5,000 for the original down payment on the house. Additionally, the parties agreed that the garage would be used as "common storage" until June 30, 2004.
 {¶ 3} Ex-wife received the 1996 Jeep Cherokee, and ex-husband agreed to assume the related indebtedness. Ex-husband also agreed to pay the Sears, Discover, and Visa credit card debts.
 {¶ 4} Ex-husband abided by the separation agreement until October 2004, when he stopped making payments on the credit cards and Jeep. By that point, the parties were no longer on speaking terms. Before he stopped the payments, ex-wife apparently orally informed ex-husband of the amounts due each month, and ex-husband would give her cash to make the payments. However, this practice stopped in October 2004. Thereafter, it is undisputed that ex-husband did not make any credit card payments and that ex-wife did not provide ex-husband with any written bills evidencing the amounts due.
 {¶ 5} In October 2005, ex-wife filed a motion for contempt. She alleged that ex-husband failed to fulfill his obligations under the dissolution decree. Ex-wife requested the court to sanction ex-husband by requiring him to reimburse her for *Page 3 
the amounts she paid on the debts and by requiring him to pay for the attorney fees and expenses she incurred in filing the contempt motion.
 {¶ 6} In November 2005, ex-husband filed a motion requesting the court to name him the residential parent of the parties' minor children and for an order finding ex-wife in contempt of the court's prior dissolution decree. He claimed that ex-wife violated the dissolution decree by failing to allow him to retrieve items from the marital home.
 {¶ 7} Subsequently, ex-wife filed a motion requesting the court to designate her as the sole residential parent of the parties' minor children. Both parties assert that the trial court transferred the custody issue to the State of Kentucky. However, the trial court did not enter any entry to that effect. Nonetheless, because the parties do not now dispute the issue, we presume that the court did, in fact, transfer the custody issue.
 {¶ 8} In mid-2006, ex-wife sold the former marital residence. She subsequently filed a motion requesting that the trial court place ex-husband's $5,000 from the sale proceeds in escrow pending a full determination of her contempt motion. In August 2006, the magistrate ordered the sale proceeds placed in a trust account. Ex-husband objected to the magistrate's decision. He asserted that the magistrate's decision modified the parties' prior agreement that upon the sale of the marital residence, he would receive $5,000. He further argued that ex-wife was not entitled to this equitable relief because she acted with unclean hands by denying him access to the garage where he stored some items and because she did not present any evidence to warrant this action. *Page 4 
 {¶ 9} In October 2006, the trial court overruled the magistrate's recommendation and returned the matter to the magistrate to conduct a hearing and take evidence. The court stated: "The previous Order of the Court concerning the disposition of the $5,000 is the Order of the Court and will stand until such time that it is not the order of the Court." The court's statement does not clearly indicate whether the court ordered the parties to abide by the separation agreement, or whether it ordered the parties to follow the magistrate's decision. In any event, it appears that ex-husband did not receive the money.
 {¶ 10} In April 2007, the magistrate held a hearing regarding the contempt motions. Ex-husband denied failing to pay for the Jeep. He claimed that he made some payments and that subsequently, ex-wife failed to provide him with the amount due each month, at which point he stopped paying. Ex-husband admitted not paying any amounts on the credit card bills since October 2004. He also admitted not paying the children's medical bills. Ex-husband again claimed that his failure was justified because ex-wife failed to present him with any bills documenting the amounts due.
 {¶ 11} Ex-wife disputed ex-husband's claim that he paid any amounts on the Jeep since the June 2004 dissolution. She further testified that ex-husband has not paid any amounts on the credit card debts since October 2004. She stated that she has not charged anything on the cards since the dissolution. Ex-wife asserted that ex-husband knew what medical bills needed paid and that she requested him to pay them. She admitted that she did not provide copies of the *Page 5 
bills to ex-husband, but she stated that ex-husband knew the amount of the obligations.
 {¶ 12} Ex-wife further denied preventing ex-husband from accessing the garage.
 {¶ 13} Ex-husband, through his attorney, then addressed the $5,000 in the trust account. He stated that because ex-wife had not addressed it during her case or presented any evidence regarding the $5,000, the magistrate should direct a verdict that the money be released to him. The magistrate overruled his motion.
 {¶ 14} In April 2007, the magistrate issued a decision. The magistrate found that: (1) ex-husband failed to pay the credit card bills; (2) ex-wife paid two of the accounts in full and the Visa account has a balance due of $4,033.82, together with interest; and (3) pursuant to the parties' separation agreement, ex-husband agreed to pay these debts. The magistrate further found that ex-husband failed to make the car payments and pay his share of the children's medical expenses. The magistrate recommended that the court find ex-husband in contempt. The magistrate also recommended that the court: (1) hold ex-husband responsible for ex-wife's attorney fees in pursuing the motion for contempt; (2) order ex-husband to reimburse ex-wife for the amounts she paid toward the credit card debts and the Jeep and order ex-husband to pay the remaining balance on the Visa card; and (3) apply the $5,000 in ex-husband's attorney's trust account toward ex-husband's obligations to ex-wife. The magistrate found no basis to find ex-wife in contempt. *Page 6 
 {¶ 15} Ex-husband timely filed objections to the magistrate's decision. He claimed that the magistrate could not find him in contempt for failing to pay the credit card debts, the car payments, and the medical bills when ex-wife failed to provide him with copies of the bills. He also alleged that the magistrate could not alter the parties' separation agreement regarding the $5,000 received from the sale of the former marital residence.
 {¶ 16} The trial court overruled ex-husband's objections, except his objection regarding the medical bills. The court did not find that ex-husband's failure to pay the credit card bills and car payment was justified due to his alleged lack of knowledge of the exact amounts due each month. However, the court determined that ex-wife's failure to provide ex-husband with copies of the medical bills excused his failure to pay them. The court reduced the magistrate's decision awarding ex-wife attorney fees from $1,750 to $750, finding that ex-wife acted with unclean hands for failing to allow husband access to the garage.
 {¶ 17} The trial court further found ex-husband in contempt of court. The court sentenced him to jail for ten days, unless he purged his contempt. It ordered him to pay ex-wife's attorney fees in the amount of $750. The court ordered him to pay the debts that he was ordered to pay under the parties' separation agreement and to reimburse ex-wife for the amounts she paid towards those debts. The court ordered that ex-wife immediately receive the $5,000 held in the trust account to apply toward ex-husband's obligations. The court found no basis to find ex-wife in contempt. *Page 7 
 {¶ 18} Ex-husband filed a request for findings of fact and conclusions of law. However, the trial court denied his request, finding it untimely.
 {¶ 19} On February 26, 2008, the trial court set aside its November 19, 2007 judgment entry and ordered that it "be considered refiled and served upon [ex-husband's counsel on February 13, 2008." Ex-husband timely appealed from the February 26, 2008 judgment entry.[1]
 {¶ 20} Ex-husband raises five assignments of error: "I. The trial court erred in finding [ex-husband] in contempt and ordering him to pay debts allegedly accrued by [ex-wife] after the filing of her motion." "II. The trial court erred in finding [ex-husband] in contempt when [ex-wife] refused to provide [ex-husband] with copies of debts he was ordered to pay." "III. The trial court erred in failing to grant a verdict to [ex-husband] on the issues of the monies held in escrow." "IV. The trial court erred in granting equitable relief to [ex-wife] under the `clean hands doctrine.'" "V. The trial court erred in ordering the [ex-husband's] marital property be transferred to [ex-wife], as the court is without jurisdiction to modify the original divorce decree."
 II. {¶ 21} Ex-husband contends in his first two assignments of error that the trial court erred when it found him in contempt.
 A. {¶ 22} The crux of ex-husband's argument is that the trial court's finding of contempt is not supported by the evidence. *Page 8 
 {¶ 23} "A person guilty of any of the following acts may be punished as for a contempt: (A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or an officer[.]" R.C. 2705.02(A). This includes dissolution decrees. Felton v.Felton (1997), 79 Ohio St.3d 34, 38. "It is no defense to a finding of civil contempt that a party acted in good faith or upon the advice of counsel." State ex rel. Adkins v. Sobb (1988), 39 Ohio St.3d 34, 36.
 {¶ 24} The law of contempt is intended to uphold and ensure the effective administration of justice, secure the dignity of the court, and to affirm the supremacy of law. Cramer v. Petrie (1994),70 Ohio St.3d 131, 133. A court possesses both inherent and statutory authority to compel compliance with its lawfully issued orders. State ex rel.Bitter v. Missig (1995), 72 Ohio St.3d 249, 252; R.C. 2705.02(A).
 {¶ 25} The decision of whether to find one in contempt of court rests in the sound discretion of the trial court and will not be overturned on appeal absent an abuse of that discretion. State v. Kilbane (1980),61 Ohio St.2d 201, paragraph one of the syllabus. An abuse of discretion connotes a decision by the trial court that is unreasonable, arbitrary, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 26} Contempt may be classified as either civil or criminal depending on the court's underlying rationale and the penalty imposed.Denovcheck v. Bd. of Trumbull Cty. Commrs. (1988), 36 Ohio St.3d 14, 16. Civil contempt orders seek to coerce compliance with the court's orders while criminal orders punish the *Page 9 
party who offends the court. Id.; Brown v. Executive 200, Inc. (1980),64 Ohio St.2d 250, 253-254.
 {¶ 27} A finding of civil contempt does not require proof of purposeful, willing, or intentional violation of a trial court's prior order. Pugh v. Pugh (1984), 15 Ohio St.3d 136, 140. Furthermore, a sanction for civil contempt must allow the offender an opportunity to purge himself or herself of the contempt. Brown, supra.
 {¶ 28} Here, the court found ex-husband in contempt and sentenced him to ten days in jail, unless he purged his contempt. Therefore, we classify the trial court's order as civil contempt.
 {¶ 29} The burden of proof in this civil contempt action was clear and convincing evidence. Brown at 253. "Clear and convincing evidence" is evidence that will form a firm belief in the mind of the trier of fact as to the facts sought to be established. Cincinnati Bar Assn. v.Massengale (1991), 58 Ohio St.3d 121, 122. "Clear and convincing evidence" is considered a higher degree of proof than a "preponderance of the evidence," the standard generally used in civil cases; "clear and convincing evidence" is a less stringent requirement than the "beyond a reasonable doubt" standard used in criminal proceedings. Id. Appellate courts will reverse a trial court's finding decided under the "clear and convincing evidence" standard only if it is not supported by competent, credible evidence. State v. Schiebel (1990), 55 Ohio St.3d 71, 74.
 {¶ 30} The moving party establishes a prima facie showing of contempt by demonstrating the existence of a dissolution or divorce decree and evidence of *Page 10 
nonpayment according to its terms. See Morford v. Morford (1993),85 Ohio App.3d 50, 55; Hopson v. Hopson, Franklin App. No. 06AP-1020,2008-Ohio-1103, ¶ 29. The burden then shifts to the nonmoving party to establish any defense he or she may have for nonpayment. Id. at 55. "The impossibility of performance of a court order, absent fraud or sharp practice, is recognized as a viable defense in a contempt proceeding."Romans v. Romans, Summit App. No. 23181, 2006-Ohio-6554, ¶ 9, citingWysocki v. Wysocki (1955), 65 Ohio Law Abs. 156.
 {¶ 31} Here, we find that competent, credible evidence supports the trial court's contempt finding. Ex-husband admitted his obligation under the court's dissolution decree and admitted that he failed to comply with his obligation to pay the credit card debts. Furthermore, ex-wife testified that ex-husband failed to comply with the court's order requiring him to make the Jeep payments. Ex-husband claimed that he made some car payments, but then stopped.
 {¶ 32} Therefore, based on this competent, credible evidence, we find that the trial court did not abuse its discretion when it found ex-husband in contempt.
 {¶ 33} Nevertheless, ex-husband attempts to justify his failure to pay by pointing to ex-wife's failure to advise him of the amounts due each month. He does not argue that it was impossible to pay or that he was unable to pay. Unfortunately for ex-husband, his attempt to justify his failure as innocent conduct brought on by ex-wife's failure to convey information is not a valid defense to disobeying a lawful court order. See, generally, Nelson v. Nelson, Geauga App. No. 2007-G-2758,2007-Ohio-6246 (upholding trial court's *Page 11 
contempt finding even though husband claimed to not know the amounts due); Webb v. Webb, Marion App. Nos. 9-06-70 and 9-07-04, 2007-Ohio-5625
(upholding trial court's contempt finding even though parties disputed the amount of spousal support arrearage due when existence of valid court order requiring spousal support arrearage was not in dispute and defendant failed to pay anything toward the arrearage).
 {¶ 34} To the extent ex-husband contends that the trial court abused its discretion by finding him in contempt for failing to pay the medical bills, we observe that the court sustained his objection to the magistrate's contempt finding for failing to pay the medical bills.
 {¶ 35} Ex-husband further contends that the court must have considered debts incurred after ex-wife filed the contempt motion because it ordered him to pay the same. We disagree.
 {¶ 36} Here, the record shows that the court looked to the dissolution decree, which referenced the debts for which ex-husband was responsible. The amounts ex-wife sought were the amounts she had paid toward the debts and the outstanding balances on the credit cards, none of which included any debt, other than additional interest, incurred after she filed the motion. Thus, ex-husband's assertion that the court improperly considered debts outside the dissolution decree is baseless.
 B. {¶ 37} Ex-husband further contends that the trial court erred when it found him in contempt because he lacked sufficient notice of the basis for ex-wife's *Page 12 
contempt motion. He claims that the notice he received did not comport with R.C. 2705.03. The parties both cite Nardone v. Nardone (1999),63 Ohio App.3d 798, 802-803, to address this argument.
 {¶ 38} We undertake a de novo review to answer this legal question. See, e.g., Yazdani-Isfehani v. Yazdani-Isfehani, 170 Ohio App.3d 1,2006-Ohio-7105, ¶ 20.
 {¶ 39} The Nardone court discussed what constitutes sufficient notice in a contempt proceeding and stated:
 "R.C. 2705.03 requires `[n]otice which apprises the defendant of the nature of the charge against him so that he may prepare a defense * * *.' Cincinnati v. Cincinnati District Council 51
(1973), 35 Ohio St.2d 197, 64 O.O.2d 129, 299
N.E.2d 686, paragraph two of the syllabus. The record indicates that the requirement of R.C. 2705.03 was met. The motion to show cause filed against Anthony stated that `* * * Nancy J. Guinn * * * requests this court to find * * * Defendant in Contempt of Court for failure to pay child support and/or medical bills as ordered * * *.' The motion to show cause notified Anthony that a court had ordered him to pay medical bills and that he allegedly had failed to pay them."
 {¶ 40} Here, ex-wife alleged in her motion that ex-husband "has failed to meet his Court ordered obligations regarding the parties' indebtedness." We find that the plain meaning of these words sufficiently apprised ex-husband of the nature of ex-wife's claim that he failed to comply with the court's order.
 {¶ 41} Ex-husband nevertheless insists that Nardone is distinguishable because in that case, the debts did not arise after the plaintiff filed her contempt motion. His claim is meritless. Here, as we already explained, ex-wife did not seek to hold ex-husband in contempt for failing to pay debts that she incurred after she filed the contempt motion. Instead, her motion alleged that ex-husband *Page 13 
was in contempt of the court's order, which held him responsible for the parties' credit card debts and Jeep payments, all of which the parties incurred before ex-wife filed the contempt motion.
 {¶ 42} Ex-husband further claims that the court lacked authority to order him to pay any amounts on the debts after the date ex-wife filed the contempt motion. He claims that the court could only order him to pay the debts as they existed on the date ex-wife filed her motion. However, ex-husband does not cite any authority for this proposition, except to state that Nardone is distinguishable on this basis. Thus, due to the absence of ex-husband's citation to authority, we find this argument meritless.
 {¶ 43} Moreover, we observe that at least one court has rejected a similar argument. See LeuVoy v. LeuVoy (May 25, 2000), Franklin App. No. 99AP-737 (rejecting appellant's argument that the trial court improperly calculated arrearages for a time period post-dating the filing of the various contempt motions by noting, "it is a common practice for domestic relations courts to consider support payments and obligations arising after filing of the contempt motion but prior to hearing. Indeed, the dictates of judicial economy would hardly permit any other approach, since the parties would otherwise be forced to file continual contempt motions up to the eve of the hearing").
 {¶ 44} Accordingly, for the above reasons, we overrule ex-husband's first and second assignments of error.
 III. *Page 14 {¶ 45} In his third, fourth, and fifth assignments of error, ex-husband contends that the trial court erred when it granted ex-wife's request and ordered $5,000 (of ex-husband's share of the proceeds from the sale of the marital home) deposited in a trust account and then later ordered it transferred to ex-wife.
 {¶ 46} Ex-husband asserts that the trial court should have directed a verdict in his favor on this issue because ex-wife failed to present any evidence to support her request.
 {¶ 47} First, we note that the implicit reason for the ex-wife's request is that the court would find ex-husband in contempt and sanction him by ordering him, pursuant to the dissolution decree, to pay the debts. The court then could enforce its order by applying ex-husband's $5,000 toward the debts. As a result, ex-wife, as part of her case-in-chief, was required to present evidence to show that ex-husband was in contempt.
 {¶ 48} In a non-jury trial action, the directed verdict standard contained in Civ. R. 50(A)(4) does not apply. See Whitestone Co. v.Stittsworth, Franklin App. No. 06AP-371, 2007-Ohio-233, ¶ 11, citingJohnson v. Tansky Sawmill Toyota, Inc. (1994), 95 Ohio App.3d 164, 167;Rohr v. Schafer (June 28, 2001), Franklin App. No. 00AP-1059. Instead, Civ. R. 41(B)(2) sets forth the appropriate standard. Id. Civ. R. 41(B)(2) provides that, "in an action tried by the court without a jury, * * * the defendant * * * may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief." Under Civ. R. 41(B)(2), the trial court acts as the trier of fact and may weigh the evidence to determine whether the plaintiff has proved his or her case under the *Page 15 
applicable burden of proof. Whitestone at ¶ 13; Scrivner v. Lore (Apr. 22, 1999), Scioto App. No. 98CA2568 (stating that under Civ. R. 41(B)(2), the trial court does not view the evidence in a light most favorable to the plaintiff but rather actually determines whether plaintiffs have proven the necessary facts by the appropriate evidentiary standard).
 {¶ 49} Unlike the de novo standard of review that applies to a Civ. R. 50(A)(4) directed verdict, a court of appeals may set aside a trial court's decision under Civ. R. 41(B)(2) "only if it is erroneous as a matter of law or against the manifest weight of the evidence."Osborne, Inc. v. H R Purchasing, Inc., Lake App. No. 2003-L051,2004-Ohio-3503, ¶ 9; see, also, D.A.N. Joint Venture III, L.P. v.Armstrong, Lake App. No. 2006-L-089, 2007-Ohio-898. An appellate court will not reverse a trial court's decision as being against the manifest weight of the evidence as long as some competent, credible evidence supports it. Shemo v. Mayfield Hts. (2000), 88 Ohio St.3d 7, 10;Vogel v. Wells (1991), 57 Ohio St.3d 91, 96; C.E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279, syllabus.
 {¶ 50} Here, ex-wife testified that her ex-husband failed to pay the debts in question. Her testimony is competent, credible evidence that he failed to pay the debts as provided for in the dissolution decree. Therefore, the trial court's finding was not against the manifest weight of the evidence. Consequently, the trial court did not abuse its discretion when it sought to preserve the $5,000 to ensure that ex-wife would have a source of recovery against ex-husband for any sanctions that the court might impose. *Page 16 
 {¶ 51} Ex-husband further contends that the trial court erred by granting equitable relief to ex-wife, in the form of placing the $5,000 in a trust account, when it found that she did not have "clean hands." That is, she did not completely allow her ex-husband to have access to the garage as required under the dissolution decree.
 {¶ 52} "[I]t is fundamental that he who seeks equity must do equity, and that he must come into court with clean hands." Christman v.Christman (1960), 171 Ohio St. 152, 154. This maxim "requires only that the plaintiff must not be guilty of reprehensible conduct with respect to the subject-matter of his suit." Kinner v. Lake Shore Michigan S.Ry. Co. (1904), 69 Ohio St. 339, paragraph one of the syllabus. "Thus, for the doctrine of unclean hands to apply, the offending conduct must constitute reprehensible, grossly inequitable, or unconscionable conduct, rather than mere negligence, ignorance, or inappropriateness."Wiley v. Wiley, Marion App. No. 9-06-34, 2007-Ohio-6423, ¶ 15. Furthermore, "the unclean hands doctrine should not be imposed where a party has legal remedies available to address an opposing party's asserted misconduct." Safranek v. Safranek, 8th Dist. No. 80413, 2002-Ohio-5066, ¶ 20, citing Miller v. Miller (1993),92 Ohio App.3d 340, 348-349.
 {¶ 53} Here, ex-husband had a legal remedy to address ex-wife's alleged failure to comply with the court's order that she allow ex-husband access to the garage. He could have, and did, file a contempt motion against ex-wife. *Page 17 
 {¶ 54} Moreover, even if the court should not have granted ex-wife equitable relief under the "unclean hands" doctrine, it nonetheless retained broad discretion to order the $5,000 placed in a trust account, as we previously discussed.
 {¶ 55} Ex-husband further contends that the trial court erred by ordering ex-husband to transfer the $5,000 from the sale of the residence to ex-wife because the court lacked jurisdiction to modify the prior property division as set forth in the parties' separation agreement, which the court incorporated into its dissolution decree.
 {¶ 56} Once a court has made an equitable property division, it has no jurisdiction to modify its decision. R.C. 3105.171(I); Knapp v.Knapp, Lawrence App. No. 05CA2, 2005-Ohio-7105, ¶ 40. However, the trial court does retain jurisdiction to "`clarify and construe its original property division so as to effectuate its judgment.'" Knapp at ¶ 40, quoting McKinley v. McKinley (2000), Athens App. No. 99CA52. Additionally, "`a trial court retains jurisdiction to enforce its judgments.'" Elliott v. Elliott (Nov. 24, 1989), Ashtabula App. Nos. 88-A-1403 and 88-A-1404, quoting Peck v. Peck (June 2, 1989), Ashtabula App. No. 88-A-1385; see, also, Reed v. Reed, Stark App. Nos. 2007CA321 and 2007CA329, 2008-Ohio-4349, ¶ 21 (stating that "[i]t is well-established that a trial court retains jurisdiction to enforce its judgments"); Dvorak v. Dvorak, Portage 2006-P-03, 2006-Ohio-6875;Makar v. Makar, Mahoning App. No. 02CA37, 2003-Ohio-1071, ¶ 12, (holding that while a trial court's property division is not subject to modification, it is subject to enforcement). *Page 18 
 {¶ 57} R.C. 3105.011 gives the court broad discretion and power to enforce its own orders and states, in part: "[t]he court of common pleas including divisions of courts of domestic relations, has full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters."
 {¶ 58} Furthermore, in Dombroski v. Dombroski (Sept. 18, 1999), Harrison App. No. 506, the court recognized an exception to the prohibition against a trial court's modification of a prior property division when the modification is actually a sanction for violating the court's divorce or dissolution decree. The court explained:
 "The purpose of sanctions imposed for civil contempt is to coerce compliance with the underlying order or to compensate the complainant for loss sustained by the contemnor's disobedience. Punishment for civil contempt may, therefore, be either: (1) remedial or compensatory in the form of a fine to compensate the complainant for the contemnor's past disobedience; or (2) coercive and prospective, i.e., designed to aid the complainant by bringing the defendant into compliance with the order, and conditional, wherein confinement may be terminated by the contemnor's adherence to the court's order.'"
Id., quoting ConTex, Inc. v. Consolidated Technologies, Inc. (1988),40 Ohio App.3d 94, 95-96. The appellate court thus held that the trial court's order directing the husband to transfer to the wife a one-half interest in the marital residence did not constitute an improper modification of a prior property division but was a valid exercise of the court's inherent authority to punish the husband for contempt of the court's order. See, also, Liggett v. Liggett, Franklin App. No. 05AP-624, 2005-Ohio-6956, ¶ 9 (noting that some courts recognize an exception to the prohibition against modifying a prior property division when imposed as a contempt sanction). *Page 19 
 {¶ 59} Here, the trial court found ex-husband in contempt and ordered him to reimburse ex-wife for the amounts she had paid on the debts. In order to effectuate its decision, the court directed that the $5,000 from the sale of the residence be placed in a trust account and eventually ordered it released to ex-wife. In essence, the court appropriated the $5,000 as a result of ex-husband's contempt of the court's dissolution decree which ordered ex-husband to pay the credit card debts and make the car payments. The court's action does not constitute an abuse of discretion, nor does it constitute an improper modification of a prior property division. Cf. Drake v. Drake, Butler App. No. 2002-07-163, 2003-Ohio-813, ¶ 6 (finding court possessed authority to order husband to reimburse wife for debts he had been ordered to pay under divorce decree).
 {¶ 60} Accordingly, we overrule ex-husband's third, fourth, and fifth assignments of error and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 20 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and appellant pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J.: Concurs in Judgment and Opinion.
Harsha, J.: Dissents to Assignment of Error I and Concurs in Judgment Only as to Remainder of Opinion.
[1] Apparently ex-husband was not served with the November entry, as the court intended, and his counsel never approved the same, again as the court intended. *Page 1