[Cite as *Carmosino v. Carmosino*, 2018-Ohio-3010.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| DEBRA CARMOSINO n.k.a. WIEST, | : | |
| Plaintiff-Appellant, | : | CASE NO. CA2018-01-002 |
| | : | O P I N I O N |
| - vs - | | 7/30/2018 |
| | : | |
| RICHARD CARMOSINO, | : | |
| Defendant-Appellee. | : | |

APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 2010DRA00733

Hugan Law, LLC, Mary Jill Hugan, Suite 900, 30 Garfield Place, Cincinnati, Ohio 45202, for plaintiff-appellant

John Woliver, 204 North Street, Batavia, Ohio 45103, for defendant-appellee

**S. POWELL, P.J.**

{¶ 1} Plaintiff-appellant, Debra Carmosino n.k.a. Wiest, appeals the decision of the Clermont County Court of Common Pleas, Domestic Relations Division, finding her in contempt for failing to comply with the trial court's standard parenting time schedule regarding the parenting time of defendant-appellee, Richard Carmosino, with the parties' minor son, C.C. Wiest also appeals the trial court's decision ordering her to pay $500

towards Carmosino's attorney fees and any outstanding court costs associated with Carmosino's motion for contempt. For the reasons outlined below, we affirm.

{¶ 2} On September 2, 2011, Wiest and Carmosino were divorced. While married, Wiest and Carmosino had two children born issue of the marriage, a girl born on April 2, 1995 and a boy, C.C., born on December 18, 2006. As part of their divorce, Wiest was named the residential parent and legal custodian of the children, whereas Carmosino was awarded parenting time. Because the parties could not reach an agreement as to Carmosino's parenting time, Carmosino was awarded parenting time in accordance with the trial court's standard parenting time schedule.

{¶ 3} It is clear Wiest and Carmosino have significant animosity towards one another, most of which appears to originate with Carmosino's fiancé and her relationship with the parties' children. This is evidenced by the numerous post-decree motions filed with the trial court, including a motion to modify the allocation of parental rights and responsibilities and several competing motions for contempt. One such motion, the motion subject to this appeal, is Carmosino's motion for contempt filed with the trial court on June 13, 2017, wherein Carmosino alleged Wiest denied him his parenting time with C.C. between March 2, 2017 through June 1, 2017 in violation of the trial court's standard parenting time schedule.

{¶ 4} On August 25, 2017, a hearing on Carmosino's contempt motion was held before a trial court magistrate. As part of this hearing, the magistrate heard testimony from Wiest, Carmosino, and C.C.'s counselor, Gene Colina, among others. Following this hearing, the magistrate issued a decision finding Wiest in contempt for failing to comply with the trial court's standard parenting time schedule regarding Carmosino's parenting time with C.C. The magistrate also ordered Wiest to pay $500 towards Carmosino's attorney fees and any outstanding court costs associated with Carmosino's motion for contempt.

{¶ 5} On September 21, 2017, Wiest filed objections to the magistrate's decision, which she thereafter amended on October 24, 2017. As part of these amended objections, Wiest argued the magistrate erred by "[f]ailing to find that it would not be in [C.C.'s] best interest for [her] to force [C.C.] to spend time with [Carmosino] with [C.C.'s] current level of anxiety and that the child's therapist [Colina] does not recommend that course of action." Wiest also argued the magistrate erred by "[f]ailing to find [she] relied upon the child's therapist [Colina] in not forcing [C.C.] to see [Carmosino]." Wiest further argued the magistrate erred by ordering her to pay $500 towards Carmosino's attorney fees and any outstanding court costs associated with Carmosino's motion for contempt.

{¶ 6} On December 19, 2017, the trial court issued a decision denying Wiest's objections to the magistrate's decision. In so holding, the trial court found Wiest failed to prove she was justified in her decision not to "force" C.C. to go with Carmosino during Carmosino's parenting time. Specifically, the trial court found Colina's testimony indicating he recommended Wiest not "force" C.C. to go with Carmosino carried little weight given the fact he "qualified his answer by testifying that due to malpractice he cannot ever recommend that a parent force his/her child to spend time with the other parent." The trial court also found the evidence did not support a finding that "[C.C.'s] anxiety rises to the level that parenting time with [Carmosino] will cause [C.C.] physical or mental harm." The trial court further affirmed the magistrate's decision ordering Wiest to pay $500 towards Carmosino's attorney fees and any outstanding court costs associated with Carmosino's motion for contempt.

{¶ 7} Wiest now appeals from the trial court's decision, raising two assignments of error for review.

{¶ 8} Assignment of Error No. 1:

{¶ 9} THE TRIAL COURT ERRED BY FINDING MOTHER IN CONTEMPT OF

- 3 -

COURT.

{¶ 10} In her first assignment of error, Wiest argues the trial court erred by finding her in contempt for failing to follow the trial court's standard parenting time schedule regarding Carmosino's parenting time with C.C. We disagree.

{¶ 11} "Disobedience to court orders may be punished by contempt." *Cottrell v. Cottrell*, 12th Dist. Warren No. CA2012-10-105, 2013-Ohio-2397, ¶ 11. To support a contempt finding, the moving party must establish by clear and convincing evidence that a valid court order exists, that the offending party had knowledge of the order, and that the offending party violated such order. *Hetterick v. Hetterick*, 12th Dist. Brown No. CA2012-02-002, 2013-Ohio-15, ¶ 35. A finding of contempt "does not require proof of purposeful, willing, or intentional violation of a trial court's prior order." *Townsend v. Townsend*, 4th Dist. Lawrence No. 08CA9, 2008-Ohio-6701, ¶ 27, citing *Pugh v. Pugh*, 15 Ohio St.3d 136 (1984). However, "[f]or a person to be held in contempt for disobeying a court decree, the decree must spell out the details of compliance in clear, specific, and unambiguous terms so that the person will know exactly what duties or obligations are imposed upon [that person]." *Renner v. Renner*, 12th Dist. Clermont No. CA2013-06-042, 2013-Ohio-4644, ¶ 25, citing *Bishop v. Bishop*, 5th Dist. Stark No. 2001CA00319, 2002-Ohio-1861.

{¶ 12} Wiest was found to be in civil contempt for her failure to follow the trial court's standard parenting time schedule regarding Carmosino's parenting time with C.C. A trial court's finding of civil contempt, such as the case here, will not be disturbed on appeal absent an abuse of discretion. *Dimitriou v. Dimitriou*, 12th Dist. Warren No. CA2011-11-119, 2012-Ohio-4773, ¶ 13. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Maloney v. Maloney*, 12th Dist. Warren No. CA2015-10-098, 2016-Ohio-7837, ¶ 14, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). A trial court's decision is

"unreasonable" when there is no sound reasoning process to support the decision. *Vaughn v. Vaughn*, 12th Dist. Warren No. CA2007-02-021, 2007-Ohio-6569, ¶ 12, citing *AAA Enterprises, Inc. v. River Place Community Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990).

{¶ 13} Wiest initially argues the trial court erred by finding her in contempt because there were two conflicting orders at play; specifically, the trial court's standard parenting time schedule outlining Carmosino's parenting time with C.C. and the trial court's decision on Wiest's motion to modify the allocation of parental rights and responsibilities, a decision in which the trial court ordered both Wiest and Carmosino to cooperate in "all respects" with C.C.'s counseling and follow "any recommendations" made by C.C.'s counselor, Colina. Based on Colina's testimony at the hearing on Carmosino's motion for contempt, although not recommending Wiest completely terminate Carmosino's parenting time with C.C., Colina recommended Wiest not "force" C.C. to go with Carmosino during Carmosino's parenting time if C.C. did not want to go. As Colina testified, "Yeah, no way. We don't recommend that, no way, no how."

{¶ 14} Wiest claims she was placed in the "impossible position" of choosing between these two court orders given Colina's recommendation that she not "force" C.C. to go with Carmosino during Carmosino's parenting time if C.C. did not want to go. "[S]he chose to follow the order, which in her mind, protected her son." Although there can be no dispute that Wiest was ordered by the trial court to follow "any recommendations" made by Colina, we find Wiest's interpretation of the trial court's order to be overly broad, hyper-technical, and fashioned in such a manner to serve Wiest's own interests; namely, to deny Carmosino his parenting time with C.C. Contrary to Wiest's claim otherwise, there is nothing in the record to indicate the trial court intended Colina, an independently licensed social worker, to usurp the trial court's own decision-making authority and assume a role greater than that

- 5 -

of the trial court in determining what is in C.C.'s best interest. Any interpretation to the contrary is incorrect given these highly contentious divorce proceedings.

{¶ 15} It is well-established that decisions regarding parenting time, just as with decisions regarding the award of parental rights and responsibilities, are decisions left to the trial court after considering the testimony and evidence properly admitted for the trial court's consideration. *Lykins v. Lykins*, 12th Dist. Clermont Nos. CA2017-06-028 and CA2017-06-032, 2018-Ohio-2144, ¶ 30. That is not to say Colina's recommendations regarding C.C. should be outright ignored. Quite the contrary, given the importance Colina plays in C.C.'s development. However, based on the record properly before this court, it is clear Wiest's attempt to apply the trial court's order in such an overly broad, hyper-technical fashion was improper, disingenuous, and an apparent attempt to punish Carmosino for his past indiscretions. No matter how much Wiest may disagree with the trial court's order regarding Carmosino's parenting time with C.C., it is not within Wiest's authority as C.C.'s residential parent and legal custodian to unilaterally modify the trial court's standard parenting time schedule to suit her own needs. Wiest's first argument lacks merit.

{¶ 16} Wiest next argues the trial court erred by finding her in contempt because the record contained some evidence indicating C.C. may suffer physical or mental harm by spending time with Carmosino during Carmosino's parenting time.[1] However, after a full and thorough review of the record, we find Wiest's argument is nothing more than a challenge to the trial court's decision as to the proper weight to be given to evidence presented. As the trier of fact, it was the trial court's "exclusive function" to determine the weight to be given to such evidence. *Petrak v. Petrak*, 12th Dist. Butler No. CA93-04-075,

---

1. As this court has stated previously, when the trial court establishes parenting time schedule, "in the absence of proof showing that visitation with the non-custodial parent would cause physical or mental harm to the children, or a showing of some justification for preventing visitation, the custodial parent must do more than merely encourage the minor children to visit the non-custodial parent." *Ware v. Ware*, 12th Dist. Warren No. CA2001-10-089, 2002 Ohio App. LEXIS 887, *5-6 (Mar. 4, 2002).

1994 Ohio App. LEXIS 648, *8 (Feb. 22, 1994).

{¶ 17} While it may be true that the record contained some evidence indicating C.C. may suffer physical or mental harm by spending time with Carmosino during Carmosino's parenting time, most notably from Wiest herself, it is clear the trial court gave little weight to such evidence. It is well-established this court should not reverse a trial court's decision "if it merely has a difference of opinion on questions of credibility or the weight of the evidence[.]" *McQueen v. Greulich*, 8th Dist. Cuyahoga No. 100544, 2014-Ohio-3714, ¶ 24. The trial court found the evidence did not support a finding that "[C.C.'s] anxiety rises to the level that parenting time with [Carmosino] will cause [C.C.] physical or mental harm." We find no error in the trial court's decision. Wiest's second argument lacks merit.

{¶ 18} In light of the foregoing, having found no error in the trial court's decision finding Wiest in contempt for failing to follow the trial court's standard parenting time schedule regarding Carmosino's parenting time with C.C., Wiest's first assignment of error is overruled.

{¶ 19} Assignment of Error No. 2:

{¶ 20} THE COURT ERRED IN AWARDING FATHER ATTORNEY FEES IN THE AMOUNT OF $500.00 AND ORDERING MOTHER TO PAY ANY OUTSTANDING COURT COSTS.

{¶ 21} In her second assignment of error, Wiest argues the trial court erred by ordering her to pay $500 towards Carmosino's attorney fees as well as

{¶ 22} any outstanding court costs associated with Carmosino's motion for contempt. Wiest, however, readily admits as part of her appellate brief that "[t]he award of attorney fees is appropriate in contempt actions to punish the contemnor." Based on the facts and circumstances of this case, and considering the requirements as outlined in R.C. 3109.051(K) and the trial court's local rules, we agree that an award of reasonable attorney

fees and outstanding court costs was proper in this case. Therefore, in light of our decision above, we find no error in the trial court's decision ordering Wiest to pay $500 towards Carmosino's attorney fees and any outstanding court costs associated with Carmosino's motion for contempt. Accordingly, finding no error in the trial court's decision, Wiest's second assignment of error is overruled.

{¶ 23} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.