OPINION
{¶ 1} Appellant, Maureen Rubin, appeals from an order denying her motion to enforce the terms of a decree of divorce with respect to the division of property. Specifically, she contended in her motion that she should have received the entire account balance of a 401(K) profit-sharing plan and that her ex-husband prevented her from doing so. We have reviewed the record and the briefs of the parties, and conclude that the trial court committed no error in allocating the subject profit-sharing plan according to their respective interests in the plan.
 {¶ 2} The parties were divorced on July 28, 2004. The decree of divorce contained several provisions respecting division of the retirement accounts accumulated by the parties.
 {¶ 3} Paragraph seventeen of the decree stated, in pertinent part:
 {¶ 4} "FINANCIAL ACCOUNTS. * * * That additionally, the parties have discussed the marital business known as CR Electric, Inc., the Raymond James account, the 401(K) the Wife has at Yurchyk Davis, the John Hancock account that is currently titled in both names, the Scudder account in Wife's name, the tax refund that is expected from state, local, and federal authorities for 2003, the $2,500.00 cash that exists in the marital safe and the stock club account known as GYPH-WR. That after these discussions and without the benefit of full and formal appraisals, the Wife has agreed to accept a total sum of $150,000 cash as aforementioned as well as receipt of full and complete ownership of the 401(K) Plan that she had earned through her former employer known as Yurchyk Davis, the Scudder account that is still titled in her name, which shall remain intact and be hers free and clear of any and all claims of Husband, 100% of the tax refunds from any federal, state, or local authorities for 2003."
 {¶ 5} Paragraph nineteen of the decree stated, in pertinent part:
 {¶ 6} "ERISA DEVICES. * * * That other than the 401(K) through Yurchyk Davis [distributed to wife in paragraph seventeen], Husband has only two retirement accounts through Raymond James Financial Services, Inc. [one of the accounts] had a value as of April 30, 2004, $24,992.36. Additionally, he had [another account] that had a value of $27,787.38 as of April 30, 2004. That Husband shall receive these accounts free and clear of any and all claims of Wife. * * * Wife is satisfied with the retirement accounts that will remain in her name. Husband is satisfied with the retirement accounts that will remain in his name."
 {¶ 7} The final judgment of divorce was entered on July 28, 2004. Thereafter, on September 1, 2004, Beard Financial Services, which administered the CR Electric, Inc. 401(K) Profit Sharing Plan and, specifically, the Scudder account mentioned in paragraph seventeen of the judgment entry, wrote to Maureen Rubin's counsel with the following inquiry: "[t]he question is whether Maureen is entitled to the entire balance in the Plan or her account balance in the Plan."
 {¶ 8} The problem observed by Beard Financial Services with regard to the Scudder account was that it consisted of three sub-accounts, one for the benefit of Jason Rubin, and two for the benefit of Maureen Rubin. Maureen Rubin had two sub-accounts because she had a rollover in one sub-account from her previous employer, Yurchyk Davis; and the other sub-account was a profit-sharing sub-account from CR Electric. The account was registered as "Maureen A. Rubin, Trustee, CR Electric 401K Profit Sharing Plan." Jason Rubin's sub-account was also a profit-sharing account from CR Electric. As of August 31, 2004, Jason Rubin's sub-account was valued at $14,064.11; and Maureen Rubin's two sub-accounts were valued at $10,142.54.
 {¶ 9} Beard Financial Services was asking for guidance on how to divide the Scudder account: whether to distribute it all to Maureen Rubin, or to allocate Jason Rubin's sub-account to him and Maureen's two sub-accounts to her.
 {¶ 10} On October 12, 2004, Maureen Rubin filed a motion to enforce terms of final judgment entry of divorce or in the alternative, motion to vacate pursuant to Civ.R. 60. In her affidavit attached to this motion, Maureen Rubin recited that it came as a surprise to her that Jason Rubin would not forego ownership of the entire Scudder account to her, because it was her understanding from the judgment entry that she would receive the entire account.
 {¶ 11} In response to Maureen Rubin's motion, Jason Rubin filed a motion to dismiss and for attorney fees, asking that Maureen Rubin's motion be dismissed. Jason Rubin argues in his motion that the judgment entry is clear as to the division of the Scudder account.
 {¶ 12} Attached to Jason Rubin's motion was the September 1, 2004 letter from Beard Financial Services as well as a worksheet showing the sub-account allocations for the two parties.
 {¶ 13} In a reply to Jason Rubin's motion to dismiss and for attorney fees, Maureen Rubin no longer emphasized the notion of vacating the divorce judgment entry. Instead, she asked the trial court to interpret paragraph seventeen thereof so as to award her the entire Scudder account.
 {¶ 14} The two motions were heard by the trial court on January 19, 2005. At the hearing, Jason Rubin testified and referred to his counsel's argument in his motion as to why the Scudder account was set up as it was:
 {¶ 15} "A trust account vehicle was used by Beard Financial Services due to the high cost of maintaining a small 401(K) plan with a sub-record keeping system. Although [Maureen Rubin] was designated as the `Trustee' on the account, the Beard Financial Services Records are very clear that each party had an account set up in their own name."
 {¶ 16} In addition, Maureen Rubin testified at the hearing regarding the September 1, 2004 letter from Beard Financial Services, including the allocation worksheet reflecting the three sub-accounts in the Scudder account.
 {¶ 17} The trial court entered a judgment entry on January 26, 2005, denying both motions but ordering the following:
 {¶ 18} "Each party is entitled to their contributions to the CR Electric, Inc. 401(K) profit sharing plan, specifically, Husband is entitled to $14,064.11 and Wife is entitled to $10,142.54 which was the balance in the plan as of 8/31/04 together with any and all accumulations and losses accrued since that date."
 {¶ 19} Maureen Rubin timely appealed the January 26, 2005 entry to this court. She also asked for a stay of execution from the trial court, but the request was denied. She then asked this court for a stay of execution, which was granted upon her posting a supersedeas bond in the amount of $750 with the clerk of courts.
 {¶ 20} In this court, Maureen Rubin has raised a single assignment of error:
 {¶ 21} "The trial court failed wrongfully to uphold the final judgment entry of divorce, to find that its terms were clear and unambiguous, to properly address the 60(B) motion, and failed to grant the entire Scudder account to wife constituting an error."
 {¶ 22} The standard of review for denial of a motion for relief from judgment under Civ.R. 60(B) is abuse of discretion.[1]
 {¶ 23} At the outset, we note that the trial court did more than just deny Maureen Rubin's motion for relief from judgment. It went on to clarify its original judgment entry and add clarifying language to it.
 {¶ 24} We consider the act of the trial court to reconsider its own language from a prior order to be an exercise of its inherent power to clarify its prior order.
 {¶ 25} "Courts of general jurisdiction possess inherent power to do all things necessary to the administration of justice and to protect their own powers and processes."[2]
 {¶ 26} More specifically, the trial court had the power to clarify its prior order. As stated by the Seventh Appellate District:
 {¶ 27} "[A] trial court's property division is not subject to future modification. Nonetheless, it is subject to enforcement. * * * [I]f the prior order is ambiguous, then the trial court must hear the matter, clarify the situation, and resolve the dispute through interpretation. * * * Although a trial court may not modify or rewrite a prior decree in order to ensure it is equitable, when the court must interpret an ambiguous property division, the court is to consider the equities involved in determining the prior court's intent."[3]
 {¶ 28} The trial court's exercise went beyond the court's ruling to deny the motions of Maureen Rubin and Jason Rubin. Having had its jurisdiction invoked by Maureen Rubin's motion for relief from judgment, the trial court was empowered to interpret its own prior order.[4]
 {¶ 29} We do not agree with either party that the provisions regarding the Scudder account were "clear and unambiguous." The simple fact that neither party can agree as to whether the provisions refer to all sub-accounts, or only to two sub-accounts, is proof that the provisions are not "clear and unambiguous."
 {¶ 30} In light of the fact that the provisions of the original divorce judgment entry were ambiguous and that the trial court was empowered to clarify its prior ruling, we find no abuse of discretion on the part of the trial court in doing so.
 {¶ 31} The assignment of error is without merit.
 {¶ 32} The judgment of the trial court is affirmed. The stay of execution previously issued by this court is dissolved, and the security, if any, posted by Maureen Rubin shall be released by the clerk of courts.
Rice, J., O'Toole, J., concur.
[1] French v. Gruber, 11th Dist. No. 2005-A-0015,2006-Ohio-1167, at ¶ 16, citing Doddridge v. Fitzpatrick
(1978), 53 Ohio St.2d 9, 12-14.
[2] (Citations omitted.) Slabinski v. Servisteel Holding Co.
(1986), 33 Ohio App.3d 345, 346.
[3] (Citations omitted.) Makar v. Makar, 7th Dist. No. 02 CA 37, 2003-Ohio-1071, at ¶ 12. See, also, Bond v. Bond (1990),69 Ohio App.3d 225, 228.
[4] Id.