OPINION
{¶ 1} Appellant, William A. Dvorak ("husband"), appeals from a judgment of the Portage County Court of Common Pleas, Domestic Relations Division, which ordered the post-decree transfer of his interest in real property to appellee, Audrey E. Dvorak ("wife").
 {¶ 2} The parties were married on May 12, 1979. Three children were born of the marriage, all of whom are now emancipated. Wife filed a complaint for divorce on July 6, 2004. A final hearing was held on September 8, 2005. On September 14, 2005, the trial court issued a final judgment entry of divorce ("divorce decree") which provides in relevant part:
 {¶ 3} "* * * Wife be and hereby is awarded the marital home * * * subject to the mortgage thereon, which she shall pay and save Husband harmless. Wife shall refinance said property within 60 days from journalization of this Judgment Entry. In the event that she is not able to refinance said property within that period of time, then Husband is hereby granted the same opportunity to purchase [w]ife's interest therein for the same sum providing that he shall refinance the mortgage thereon within 60 days * * * [.] * * * [T]he equity in the marital home is $32,500.00 and this equity is awarded to Wife."
 {¶ 4} On November 21, 2005, husband filed a "notice of exercise of option to buy marital home." Wife filed objections and a motion to extend time to refinance the marital home.[1] On December 8, 2005, wife filed a motion to transfer husband's interest in the marital residence to her, which was granted by the court the same day. It is from that judgment that husband filed a timely appeal asserting the following sole assignment of error:
 {¶ 5} "The trial court committed reversible error when it ordered, without jurisdiction, a post-judgment modification of the property division."
 {¶ 6} In his assignment of error, husband's arguments relate to the single issue of whether the trial court interpreted and enforced the divorce decree or modified it. Husband is correct that a trial court is without authority to modify a property division in a divorce decree. R.C. 3105.171(I).
 {¶ 7} However, "`[e]ven though the general rule is that a trial court lacks jurisdiction to modify distribution, it is also well established that a trial court retains jurisdiction to enforce its judgments.'"Elliott v. Elliott (Nov. 24, 1989), 11th Dist. Nos. 88-A-1403 and 88-A-1404, 1989 Ohio App. LEXIS 4362, at 7, citing, Peck v. Peck (June 2, 1989), 11th Dist. No. 88-A-1385, 1989 Ohio App. LEXIS 1969, at 6. See, also, Rubin v. Rubin, 11th Dist. No. 2005-T-0016, 2006-Ohio-2383, at ¶ 27, quoting, Makar v. Makar, 7th Dist. No. 02 CA 37, 2003-Ohio-1071, at ¶ 12, (holding that while a trial court's property division is not subject to modification, it is subject to enforcement). R.C. 3105.011 gives the court broad discretion and power to enforce its own orders and states, in part: "[t]he court of common pleas including divisions of courts of domestic relations, has full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters." Further, an interpretative decision by the trial court cannot be disturbed upon appeal absent a showing of abuse of discretion.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 8} In their briefs submitted to this court, both parties devote great attention to the issue of wife's refinancing as a condition to the court's order of transfer of husband's interest in the marital home to wife. Husband argues that the term "refinance" is unambiguous, and that wife's right to refinance the home was terminated by her failure to complete the refinancing process at the end of the initial sixty day period, which was November 13, 2005. Thus, he argues the court erred in its order of transfer. We disagree.
 {¶ 9} In fact, the issue of refinancing is not relevant to this appeal. In the divorce decree, wife was awarded the marital residence, subject to the obligation to pay the underlying mortgage and to hold husband harmless. The parties agreed that the value of the marital home was $275,000 and $242,500 was owed on the mortgage of the home. Further, the court awarded all equity in the martial home to wife.
 {¶ 10} Pursuant to Civ. R. 70, "[i]f real or personal property is within this state, the court in lieu of directing a conveyance thereof may enter a judgment divesting the title of any party and vesting it in others, and such judgment has the effect of a conveyance executed in due form of law." The trial court was, therefore, authorized to order transfer of the property to wife to carry out the provisions of the court's earlier divorce decree.
 {¶ 11} As to indebtedness, wife was granted the sole opportunity to refinance the underlying joint home mortgage for the first sixty days following entry of the divorce judgment. If those efforts failed, husband was afforded the same right of refinancing for an additional sixty day period.
 {¶ 12} By its divorce decree, the court awarded all interest in the marital home to wife, and husband was granted a conditional right to refinance in the event wife was unable to do so. The opportunity to refinance is not a property interest in and of itself. Husband's conditional right to refinance was separate from the court's express award of the home to wife. In its decree, the court states: "[i]n the event that [w]ife is not able to refinance * * * within that period of time, then [h]usband is hereby granted the same opportunity to purchasewife's interest * * *[.]" (Emphasis added.) Thus, in the event wife failed to refinance, husband would have the opportunity to exercise his right to refinance, tender wife's equity, and seek a quit-claim deed from wife or order of transfer of wife's interest in the marital home.
 {¶ 13} We conclude that by its order of transfer, the court here was merely enforcing its judgment entry awarding the asset of the home to wife, and the order was not a modification of the divorce decree. Contrary to arguments set forth in both parties' briefs, the court did not make any findings in its order to transfer that wife's refinancing was satisfactorily completed, interpret the meaning of the term "refinancing," or determine whether it was an ambiguous term. Rather, the court simply transferred all husband's interest in the marital home to wife, pursuant to its earlier award in the divorce decree. A court of record speaks through its judgment entry and we decline to speculate as to findings where none are present. It is unnecessary for this court to consider whether wife complied with the court's order to refinance based upon our determination above.[2]
 {¶ 14} Based upon the foregoing, husband's sole assignment of error is without merit, and the judgment of the trial court is affirmed.
DIANE V. GRENDELL, J., CYNTHIA WESTCOTT RICE, J., concur.
[1] This motion was not ruled upon by the court and is not before this court upon appeal.
[2] We note that the issue of wife's timely compliance with the refinancing provisions of the divorce decree was addressed by the court in a subsequent Civ. R. 60(B) hearing. That decision is not before this court on appeal.