[Cite as *Robinette v. Bryant*, 2013-Ohio-5887.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| MICHAEL DAVID ROBINETTE, | : | Case No. 13CA9 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| TAMMY ANNETTE BRYANT, | : | |
| | : | **RELEASED: 12/17/13** |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Brenda K. Neville, Meyers & Neville, LLC, Chesapeake, Ohio, for appellant.

Tyler B. Smith, Tyler Beckett Smith Law Firm, Huntington, West Virginia, for appellee.
_____

Harsha, J.

{¶1}   Tammy Annette Bryant appeals the trial court's entry, which clarified that the parties must agree on any additional parenting time beyond Bryant's established schedule in the original order.  Bryant argues that the trial court lacked jurisdiction to do so because at the time the case was pending on appeal.  However, absent a stay a trial court retains jurisdiction during an appeal to issue orders that relate to the execution of its judgment.  Therefore, the trial court retained jurisdiction to clarify its prior order as that action was not in conflict with our ability to decide the pending appeal.  Bryant also asserts that the trial court materially changed the original order by requiring the agreement of both parties.  To the extent Bryant claims the trial court exceeded its authority by modifying its prior judgment instead of merely clarifying it, she did not object to the magistrate's decision and therefore has waived all but plain error.  And given the

fact that she asked for clarification herself, we decline to apply plain error here.

Therefore, we affirm the court's judgment.

## I. FACTS

{¶2}   This case originally came before us in *Robinette v. Bryant*, 4th Dist. Lawrence No. 12CA20, 2013-Ohio-2889, in which Bryant appealed from the trial court's September 4, 2012 order designating Robinette as the residential parent and establishing her parenting time.  In its order, the trial court stated that Bryant was to receive "liberal parenting time" and established a minimum schedule, including two weekends per month, one of which was to occur in the tri-state area.  The order further indicated "[i]f the mother is going to be in the tri-state are,[sic] additional time not listed above, is encouraged.  Mother should give advance notice and requests for additional time should not be unreasonably denied."  We found the trial court did not commit plain error and affirmed its decision.

{¶3}   During the pendency of the appeal the parties disagreed over the meaning of the "liberal parenting" provision and Robinette filed a "motion to interpret liberal parenting time pursuant to order."  In its January 9, 2013 order the magistrate advised the parties that she "could not make any new Orders or Modify existing Orders" because the case was currently on appeal.  The magistrate however, explained that the court "could make clarifications or interpret existing Orders in this matter."  Therefore, "clarif[ying] and interpret[ing]" its September 4, 2012 order, the court found that:

> additional parenting time for the Defendant when she is in the tri-state
> area that are not her designated weekends for parenting time is
> encouraged but not required.  The Defendant shall submit her requests for
> additional visitation to the Plaintiff prior to each month she will be in the tri-
> state area.  The Plaintiff shall respond in a reasonable manner as to the
> times and days the minor child is available, if any, for Defendant to have

additional visitations in the tri-state area.  This Court does not consider it unreasonable for the Plaintiff to sometimes have uninterrupted parenting time with [the child] even though the Defendant is in the tri-state area during her non-designated weekends and has made a request for additional visitation.

{¶4}    Thereafter the parties continued to disagree about Bryant's parenting time and she filed a "motion to clarify parenting schedule" with the trial court "regarding the terms of her liberal parenting schedule with the minor child * * *."  The magistrate issued a decision on March 11, 2013, while Bryant's appeal was still pending and found that "the parties must agree on any liberal, additional time beyond the defendant's time already scheduled by this court which are addressed in the September 4, 2012, entry and further defined in the January 4, 2013, magistrate's order."  Neither party filed objections to the magistrate's decision and the trial court subsequently adopted it as an order of the court.  It is from this order that Bryant now appeals.

## II. ASSIGNMENT OF ERROR

{¶5}    Bryant raises one assignment of error for our review:

1. "THE TRIAL COURT ERRED WHEN IT CHANGED THE TERMS OF THE SEPTEMBER 4, 2012, ORDER WHICH GRANTED THE DEFENDANT/APPELLANT ADDITIONAL TIME WITH THE MINOR CHILD WHEN IN THE LOCAL AREA.  PLAIN ERROR OCCURRED AS A RESULT BECAUSE THE COURT DID NOT HAVE JURISDICTION TO CHANGE THE TERMS OF THE THIS ORDER DURING THE PENDING APPEAL OF THE TRIAL COURT'S SEPTEMBER 4, 2012, DECISION."

## III. LAW AND ANALYSIS

{¶6}    Bryant contends the trial court lacked jurisdiction to modify its prior judgment awarding parenting time while that judgment was on appeal.  As a general rule upon the filing of a notice of appeal a trial court lacks jurisdiction to take any action that is inconsistent with the power of the appellate court to review and decide the

appeal. *State ex rel. Special Prosecutors v. Judges,* 55 Ohio St.2d 94, 97, 378 N.E.2d 162 (1978). However, the trial court retains jurisdiction to take action that is not in conflict with the jurisdiction of the court of appeals. *Yee v. Erie County Sheriff's Dept.*, 51 Ohio St.3d 43, 44, 553 N.E.2d 1354 (1990). Absent a stay, trial court retains jurisdiction during an appeal to issue orders that relate to the execution of its judgment. *See State ex rel. Corn v. Russo,* 91 Ohio St.3d 551, 556-557, 740 N.E.2d 265. In this instance the court was attempting to clarify its prior order, not to modify it. Accordingly, we see nothing in the court's exercise of its jurisdiction that conflicts with our ability to decide the issues that were before us in case No. 12CA20. Therefore the trial court did not lack jurisdiction to entertain either party's motion to clarify.

{¶7} And to the extent that Bryant claims the trial court improperly modified its September 4, 2012 entry, she did not object to the magistrate's decision and therefore has waived all but plain error. However, we decline to apply the plain error doctrine in light of her own request asking the trial court to clarify its prior order. Accordingly, we overrule Bryant's sole assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas, Probate-Juvenile Division, to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Hoover, J.:  Concur in Judgment and Opinion.

For the Court

BY: _____
William H. Harsha, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**