[Cite as *Southworth v. Southworth*, 2024-Ohio-2950.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PIKE  COUNTY

GARY T. SOUTHWORTH,                    :

    Plaintiff-Appellee,             :        Case No.  23CA922

    v.                              :

                     :        <u>DECISION AND JUDGMENT</u>
MIRANDA F. SOUTHWORTH,                  :        <u>ENTRY</u>

    Defendant-Appellant.            :
_____
<u>APPEARANCES:</u>

Edward R. Bunstine, Chillicothe, Ohio, for Appellant.

Claire R. Fried, Chillicothe, Ohio, for Appellee.
_____

Smith, P.J.

{¶1} Miranda F. Southworth appeals the February 27, 2023 Decision and Entry entered by the Pike County Common Pleas Court.  Appellant Southworth, "Wife," raises three assignments of error challenging the trial court's finding of contempt.  However, upon review, we find no merit to the arguments raised under these assignments of error.  Accordingly, all assignments of error are overruled and the judgment of the trial court is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

{¶2} Gary T. Southworth, "Husband," initiated a divorce with children which was granted on November 23, 2021. The Judgment Entry-Decree of Divorce set forth the resolution of the issues between the parties. Relevant to this appeal is Paragraph Five, which reads as follows:

> The parties are the joint owners of the real estate situated at 1722 Beaver Pike, Waverly, Ohio; however, the mortgage is solely in the Plaintiff's name. *The Defendant shall receive this real estate and shall finance same causing the Plaintiff's name to be removed from obligation thereon by (sic.) before December 1st, 2022, whereupon Plaintiff shall quit-claim his interest in the subject real estate to Defendant.* Effective December 2021, and until such time of refinance, the Defendant shall be solely responsible for any and all debts associated with said real estate, including, but not limited to, any and all notes, mortgages, utilities, taxes, insurance, etc., and hold Plaintiff harmless thereon. Until December 2021, the Plaintiff shall service the mortgage payments, which include an escrow of taxes and insurance. *If the Defendant misses two (2) consecutive mortgage payments, or fails to refinance by December 1st, 2022, then the real estate shall become the sole property of the Plaintiff....The Court shall retain continuing jurisdiction over this asset until it has been disposed of by refinance, sale or other means.* (Emphasis added.) [1]

{¶3} The real estate located at 1722 Beaver Pike, Waverly, Ohio, was the parties' "marital home." On October 27, 2022, Husband filed a Motion

---

[1] Hereafter for clarity, instead of referring to the parties as plaintiff or defendant as the trial court did, we will continue to use "Husband" and "Wife."

to Show Cause alleging that Wife had failed to abide by the terms of the Decree of Divorce and was attempting to sell the marital home. On November 14, 2022, Wife filed a Memorandum Contra Plaintiff's Motion to Show Cause. The matter came on for hearing on February 16, 2023. After the parties testified, the trial court took the matter under advisement.

{¶4} In the appealed-from entry, the trial court found that Wife was in contempt for violation of Paragraph Five of the divorce decree. Wife was fined $250.00.[2] The trial court further ordered that Wife could purge the contempt by following Paragraph Five, "including but not limited to: executing whatever acts are necessary to convey any and all interest she may possess in the marital property * * *."

{¶5} This timely appeal followed. Brief pertinent excerpts of the parties' testimony at the contempt hearing are set forth below.

## ASSIGNMENTS OF ERROR

---

[2] On March 13, 2023, Wife filed a Request for Findings of Fact and Conclusions of Law. The trial court did not address the request or issue the same. " Ordinarily, upon a proper request for findings of fact and conclusions of law, no final appealable order exists until the court complies with Civ. R. 52, i.e., it issues its findings of fact and conclusions of law." *Clifford v. Skaggs,* 2017-Ohio-8597, ¶ 11 (4th Dist.) (internal citations omitted.) However, "[a] trial court substantially complies with Civ.R. 52 if 'the contents of the opinion, when considered together with other parts of the record, form an adequate basis upon which to decide the narrow legal issues presented.' " *Skaggs, supra,* ¶ 13, (citation omitted), quoting *State ex rel. Gilbert v. Cincinnati,* 2010-Ohio-1473, ¶ 38. " Findings and conclusions must articulate an adequate basis upon which a party can mount a challenge to, and the appellate court can make a determination as to the propriety of, resolved disputed issues of fact and the trial court's application of the law." *Truex v. Truex,* 2008-Ohio-5690, (5th Dist.). *See also Mahlerwein v. Mahlerwein*, 2005-Ohio-1835, ¶ 22 (4th Dist.). Given that the absence of Findings of Fact and Conclusions of Law has not been assigned as error and also given that we find the underlying record and the trial court's decision forms an adequate basis for review of this appeal, we decline to sua sponte find that no final appealable order exists. *See Skaggs, supra,* at ¶ 11, citing *Walker v. Doup*, 36 Ohio St.3d 229, syllabus (1988).

I.     THE APPELLANT ARGUES THAT THE TRIAL COURT ERRED AS A MATTER OF LAW IN CONCLUDING THAT THE APPELLANT DID NOT HAVE THE RIGHT TO SELL THE MARITAL REAL ESTATE LOCATED AT 1722 BEAVER PIKE, WAVERLY, OHIO.

II.    THE DEFENDANT-APPELLANT ARGUES THAT THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THE DEFENDANT-APPELLANT IN CONTEMPT FOR VIOLATING PARAGRAPH FIVE (5) OF THE DIVORCE DECREE AND SANCTIONING THE DEFENDANT-APPELLANT THE SUM OF $250.00.

III.    THE DIVORCE DECREE STATE [SIC] THAT THE DEFENDANT-APPELLANT HAD UNTIL DECEMBER 1, 2022 TO REMOVE THE NAME OF PLAINTIFF-APPELLEE FROM THE EXISTING MORTGAGE. THE PLAINTIFF-APPELLEE FILED THE MOTION CITING THE DEFENDANT-APPELLANT IN CONTEMPT ON OCTOBER 25, 2022. THE MOTION WAS FILED PREMATURE. THE COURT SHOULD HAVE DISMISSED THE CONTEMPT MOTION BECAUSE IT WAS FILED PREMATURE.

### STANDARD OF REVIEW ON CONTEMPT MOTIONS

{¶6} "A person guilty of any of the following acts may be punished as for a contempt: (A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or an officer[.]" R.C. 2705.02(A). *Townsend v. Townsend,* 2008-Ohio-6701 ¶23 (4th Dist.). The decision of whether to find one in contempt of court rests in the sound

discretion of the trial court and will not be overturned on appeal absent an abuse of that discretion. *Townsend*, ¶ 25; *State v. Kilbane,* 61 Ohio St.2d 201, paragraph one of the syllabus (1980). An abuse of discretion connotes a decision by the trial court that is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

## LEGAL ANALYSIS

{¶7} R.C. 3105.171(B) provides:

> In divorce proceedings, the court shall * * * determine what constitutes marital property and what constitutes separate property. In either case, upon making such a determination, the court shall divide the marital and separate property equitably between the spouses, in accordance with this section. For purposes of this section, the court has jurisdiction over all property * * *.

{¶8} The law of contempt is intended to uphold and ensure the effective administration of justice, secure the dignity of the court, and to affirm the supremacy of law. *Cramer v. Petrie*, 70 Ohio St.3d 131, 133 (1994). Civil contempt orders seek to coerce compliance with the court's orders. *Townsend,* ¶ 26*; Denovcheck v. Bd. of Trumbull Cty. Commrs.*, 36 Ohio St.3d 14, 16 (1988). A court possesses both inherent and statutory authority to compel compliance with its lawfully issued orders. *State ex rel. Bitter v. Missig*, 72 Ohio St.3d 249, 252 (1995).

{¶9} The party seeking to enforce a court order must establish, by clear and convincing evidence, the existence of a court order and the nonmoving party's noncompliance with the terms of that order. *Burchett v. Burchett*, 2017-Ohio-8124, ¶ 22; *Brown v. Executive 200 Inc.,* 64 Ohio St. 2d 250*,* 253 (1980).

> "Clear and convincing evidence" is evidence that will form a firm belief in the mind of the trier of fact as to the facts sought to be established. *Cincinnati Bar Assn. v. Massengale*, 58 Ohio St.3d 121, 122 (1991). "Clear and convincing evidence" is considered a higher degree of proof than a "preponderance of the evidence," the standard generally used in civil cases; "clear and convincing evidence" is a less stringent requirement than the "beyond a reasonable doubt" standard used in criminal proceedings. *Id.*

The burden then shifts to the nonmoving party to establish any defense he or she may have had for failure to comply with the order. *See Morford v. Morford,* 85 Ohio App.3d 50, 55 (4th Dist. 1993).

{¶10} A finding of civil contempt does not require proof of purposeful, willing, or intentional violation of a trial court's prior order. *Townsend, supra,* at ¶ 27; *Pugh v. Pugh,* 15 Ohio St.3d 136, 140 (1984) and, " '[i]t is no defense to a finding of civil contempt that a party acted in good faith or upon the advice of counsel.' " *Townsend*, ¶ 23, quoting *State ex rel. Adkins v. Sobb*, 39 Ohio St.3d 34, 36 (1988). Appellate courts will reverse a trial court's finding decided under the "clear and convincing evidence"

standard only if it is not supported by competent, credible evidence. *State v. Schiebel,* 55 Ohio St.3d 71, 74 (1990).

{¶11} For ease of analysis, we begin with consideration of Wife's third assignment of error.

ASSIGNMENT OF ERROR THREE - PREMATURE FILING

{¶12} A general principle of appellate jurisdiction is that a party may not present an argument on appeal that it failed to raise in the trial court. *Whited v. Whited,* 2020-Ohio-5067, fn 4 (4th Dist.), citing *Goldfuss v. Davidson,* 79 Ohio St.3d 116, 121 (1997). Husband's Motion to Show Cause was filed on October 27, 2022. Under Paragraph Five, Wife had until December 1, 2022 to refinance the marital home. While Wife now asserts that Husband's Motion to Show Cause should have been dismissed because it was prematurely filed, Wife's argument has been waived.

{¶13} Wife's responsive pleading, the Memorandum Contra Plaintiff's Motion to Show Cause, was filed on November 14, 2022. This memorandum contained no argument asserting that the Motion to Show Cause was premature or requesting dismissal. At the motion hearing held on February 16, 2023, Wife did not raise any issue that the motion was

premature. Therefore, Wife has waived this argument and we need not address it.[3]

## ASSIGNMENTS OF ERROR ONE AND TWO

{¶14} Because they are essentially the same contention Wife's first and second assignments of error will be considered jointly.

{¶15} Under the first assignment of error, Wife contends that she had an absolute right to sell the real estate. Wife asserts that she was awarded all interest in the real estate on the condition that she remove Husband's name from the existing mortgage. Wife argues that the purpose and intent of the refinance provision was to relieve Husband from any responsibility on the real estate debt. Wife summarizes that "common sense" dictates that if she sold the property, she would not have to refinance.

{¶16} Under the second assignment of error, Wife argues that the trial court's finding that she violated Paragraph Five of the Divorce Decree and sanctioning her a sum of $250 was erroneous. While at first blush this attempts to be a challenge of the sanction, Wife's argument is actually a continued assertion that the evidence did not show that she willfully violated the court order because as "[e]lecting to sell the property before the

---

[3] Furthermore, as will be discussed *infra,* nothing about Husband's filing prevented Wife from performing her obligation to refinance the property prior to December 1, 2022.

December 1, 2022 deadline does not constitute a finding in contempt."

Wife also points out that she would not have had to refinance the mortgage

had Husband "simply participated in the sale of the property." Resolution of

the first and second assignments of error necessitates our own review of

Paragraph Five of the Divorce Decree.

{¶17} " 'An agreed divorce decree, * * * is an agreement of the

parties that is made an order of the court[,]' and contract principles apply to

the interpretation of such agreements[.]" *Estate of Coppick,* 2023-Ohio-

2279, ¶ 13 (4th Dist.) *Miller v. Miller*, 2011-Ohio-4299, ¶ 22 (9th Dist.),

quoting *Zimmer v. Zimmer,* 2001 WL 185356, *2 (10th Dist.). The

interpretation of a written contract is also a matter of law that we review de

novo. *See Rudolph v. Viking International Resources Co., Inc.,* 2017-Ohio-

7369, ¶ 33 (4th Dist.); *Saunders v. Mortensen*, 2004-Ohio-24, ¶ 9. "Our role

is to ascertain and give effect to the intent of the parties, which is presumed

to lie in the contract language." *Fox v. Positron Energy Resources Inc.,*

2017-Ohio-8700, ¶ 52 (4th Dist.) " 'Common words appearing in a written

instrument will be given their ordinary meaning unless manifest absurdity

results, or unless some other meaning is clearly evidenced from the face or

overall contents of the instrument.' " *Rudolph* at ¶ 33, quoting *Alexander v.*

*Buckeye Pipe Line Co.,* 53 Ohio St.2d 241, paragraph two of the syllabus

(1978), superseded by statute on other grounds; *Harding v. Viking Internatl. Resources Co., Inc.,* 2013-Ohio-5236.

{¶18} The contempt finding herein is based on the trial court's interpretation of Paragraph Five of the Divorce Decree filed November 23, 2021, which discussed the parties' joint property, the marital home. The trial court wrote:

> This Court further finds that the [Wife] has listed the marital property for sale without any authority to do so, as Paragraph Five (5) of the Parties' Divorce Decree contains no provision for either party to sell the property.

{¶19} We find Wife's arguments unpersuasive because the provisions of Paragraph Five are not ambiguous. An ambiguity exists where there is an indistinctness or uncertainty of meaning in the language used in a contract. *See Morgan v. Morgan,* 1994 WL 26589 *3, citing 43 Ohio Jurisprudence 3d 431-432, Evidence and Witnesses, Sec. 569. *See generally Wiseman v. Wiseman,* 2014-Ohio-2002, ¶ 8 (9th Dist.) (Parties' agreement is not ambiguous where terms are clear and precise). The question of whether a disputed provision is ambiguous is also a question of law and subject to our de novo review. *Klug v. Klug*, 2001 WL 18507 5 (2d Dist.); *Wiseman, supra*, ¶ 7.

{¶20} Paragraph Five began by setting forth that the parties were joint owners of the marital home, but that the mortgage was solely in Husband's

name. Here, we set it forth again in separate sections to clarify our

discussion:

> The Wife shall receive this [marital home] and shall finance same causing the Husband's name to be removed from the obligation thereon by (sic.) before December 1st, 2022, whereupon Husband shall quit-claim his interest in the subject real estate to Wife.
>
> Effective December 2021, and until such time of refinance, the Wife shall be solely responsible for any and all debts associated with said real estate * * *, including but not limited to, * * * mortgages * * *, and hold Husband harmless thereon.
>
> Until December 2021, the Husband shall service the mortgage payments * * *.
>
> If Wife misses two (2) consecutive mortgage payments, or fails to refinance by December 1st, 2022, then the real estate shall become the sole property of the Husband.

{¶21} We do not find Paragraph Five to be ambiguous. Wife was not

granted "all right and title" to the marital home by virtue of the trial court's

language that she "shall receive" the marital home. If the court had intended

to grant such full fee simple ownership, it could and would have chosen

different and specific language. Wife was awarded only physical possession

of the property and the opportunity to refinance it. The opportunity to

refinance is not a property interest in and of itself. *See Dvorak v. Dvorak,*

2006-Ohio-6875, ¶12 (11th Dist.). Wife's obligations under Paragraph Five

were to make the mortgage payments and to refinance the property, and she

was given a specific time period, December 1, 2021 to December 1, 2022, in which to do so.

{¶22} Wife's interpretation of Paragraph Five may be confused by the trial court's use of the word "receive." "It is well settled that 'common, undefined words appearing in a written instrument "will be given their ordinary meaning unless manifest absurdity results, or some other meaning is clearly evidenced from the face or overall contents of the instrument." ' " *Wiseman,* at ¶ 11, quoting *State ex rel. Petro v. R.J. Reynolds Tobacco Co.,* 2004-Ohio-7102, ¶ 23, quoting *Alexander v. Buckeye Pipe Line Co.,* 53 Ohio St.2d 241, paragraph two of the syllabus, (1978). The ordinary definition of "receive" is "to come into possession of; acquire." *See* https://www.merriam-webster.com/dictionary/. Accessed June 12, 2024. Black's Law Dictionary defines "possession" as " * * * having or holding property in one's power; the exercise of dominion over property. The right under which one may exercise control over something to the exclusion of all others." Black's Law Dictionary 1201 (8th Ed.2004).

{¶23} The trial court's order gave Wife possession only of the marital home during a set time period and under two conditions: (1) making the mortgage payments and, (2) refinancing the property. The conclusion that Wife was not granted sole ownership is further bolstered by the "Husband

shall quit-claim his interest" language, signifying that Husband, in fact, retained an interest in the property. It is obvious that Wife had no unilateral authority to sell the property.

{¶24} Wife also cites the last sentence of Paragraph Five which states "[t]he Court shall retain continuing jurisdiction over this asset until it has been disposed of by refinance, sale or other means" in support of her contention that she was not prohibited from selling the real estate. We have already considered and dismissed the contention that Wife had authority to sell the real estate "in order to remove Husband's name." Nothing in the language or wording of the last sentence of Paragraph Five supports the notion that Wife was granted authority to sell the marital home.

{¶25} Despite Wife's assertion that the purpose of the "refinance" language was to relieve Husband from the debt, the "purpose" of this language was not placed into evidence at the motion hearing. Husband testified that Wife had told him she was "going to put [the marital home] up for sale" and that he did not agree to the sale. Husband later became aware that the home was listed for sale when a person from Chicago Title contacted him and "told me that I needed to sign a - - the title loan. Or the title paper."

{¶26} In her testimony, Wife acknowledged that the owners listed on the deed (Exhibit 3) were "Gary and Miranda Southworth;" that she made contact with the previous realtor in order to sell the property; that her signature and initials were on the Real Estate Purchase Offer Contract (Exhibit 1) and the Addendum (Exhibit 2), which indicated a final agreed upon purchase price was $240,000. Regarding the Divorce Decree, Wife testified:

> Q:    Okay. And do you understand that this - - once the Judge signed this, it became an order of this court?
>
> A:    Yes.

At the close of the testimony, the trial court admitted the exhibits and took the matter under advisement.

{¶27} We have reviewed the underlying record. We also note that the Divorce Decree provides:

> The Court further finds that the parties have now advised the Court that all matters in dispute between them have been compromised, settled, and adjusted. The Court further finds that the agreement of the parties is fair, equitable and in the best interest of the parties and their minor children * * *.
>
> 4. The parties waive the valuation and allocation of assets and consent to the property division herein.

{¶28}   Based on our review, it appears that the parties reached a mutual agreement regarding disposition of the marital home which was set

forth in Paragraph Five.  The evidence at the contempt hearing establishes that:  (1) Wife knew of the court's order to refinance the marital home; and, (2) Wife did not comply.  In fact, she attempted unilaterally to dispose of the marital home.   Wife did not present any evidence that compliance with the order to refinance was an impossibility.  We agree with the trial court's finding that "Wife has listed the marital property for sale without any authority to do so."  We find that Husband established a prima facie case for contempt of the Divorce Decree.

{¶29} Based on the foregoing, we find that contempt of the Divorce Decree relative to Paragraph Five was established by clear and convincing evidence.  We further find that the trial court did not abuse its discretion in finding Wife in contempt of the court's order.  The first and second assignments of error are without merit and are hereby overruled.  The judgment of the trial court is affirmed.

{¶30} Having found no merit to any of Wife's assignments of error, the judgment of the trial court is affirmed.

JUDGMENT AFFIRMED.

## __JUDGMENT ENTRY__

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pike County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hess, J., and Wilkin, J., concur in Judgment and Opinion.

For the Court,

_____
Jason P. Smith
Presiding Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**