[Cite as *Guyon v. Guyon*, 2024-Ohio-4731.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| MITCHELL E. GUYON, | : | |
| Appellant, | : | CASE NO. CA2024-02-023 |
| | : | O P I N I O N |
| - vs - | | 9/30/2024 |
| | : | |
| CECILIA MORK GUYON, | : | |
| Appellee. | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR20090623

The Lampe Law Office, LLC, and Vicki L. Richmond, for appellant.

Cecilia Mork, pro se.

**PIPER, J.**

{¶ 1} Appellant, Mitchell Guyon ("Father"), appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division.[1] Cecilia Mork ("Mother") and Father are the parents of four children.

---

1. Pursuant to Loc.R. 6(A). the court hereby sua sponte removes this case from the accelerated calendar for purposes of issuing this opinion.

**{¶ 2}** The procedural posture is important to understand for purposes of this appeal. The parties divorced in June 2021. At the time of their divorce, the parties entered into a shared parenting plan. The shared parenting plan provided that each parent would be deemed the "residential parent, legal custodian, and custodial parent" of the children, but that Mother would be designated the "residential parent for school purposes" while Father would be designated the "non-school parent."

### Father's September 28, 2022 Motion

**{¶ 3}** On September 28, 2022, Father filed a motion seeking to terminate the shared parenting plan. The matter proceeded to a hearing before a magistrate. On February 7, 2023, the magistrate issued a written decision stating that shared parenting was not in the children's best interest and terminated the shared parenting plan. The magistrate's decision states, in pertinent part:

> Based upon the foregoing facts, it is found that Shared Parenting is not in the Children's best interest. Therefore, Father's Motion to Terminate Shared Parenting and Motion to Designate Custodian are **GRANTED**.
>
> IT IS ORDERED THAT the parties' Shared Parenting Plan is TERMINATED.
>
> IT IS FURTHER ORDERED THAT Father is designated Custodian of the Children.

### Father's July 12, 2023 Emergency Motion

**{¶ 4}** Mother filed an objection, which stayed the magistrate's decision. However, on July 12, 2023, Father filed a motion for an emergency hearing on parenting time, along with another motion to designate him as the children's custodian ("second motion for custody"). Following a hearing, the magistrate issued a decision resolving Father's emergency motion on parenting time and set a date for a status conference on Father's second motion for custody. The magistrate indicated that it would not resolve the second

motion for custody until the trial court ruled on Mother's objection.

**Trial Court's October 16, 2023 Ruling on Mother's Objection**

{¶ 5}  On October 16, 2023, the trial court ruled on Mother's objection and issued a final appealable order ("October order").  The October order is imprecisely worded, leading to the instant dispute.

{¶ 6}  In its October order, the trial court determined that the magistrate "did not make findings sufficient to terminate the parties' shared parenting plan" and that the magistrate "made findings that actually support retention of the shared parenting plan." The October order states:

> The record reflects that both parents have considerable mental health issues that may negatively affect the children. This has been a concern of the court since the parties' initial divorce.
> . . .
>
> The Magistrate appeared to consider the parties' financial disparities.  Regardless, the best interest factors support the designation of [Father] as residential parent.  The court adopts the best interest findings of the Magistrate.
>
> Additionally, for the reasons stated in the Magistrate's Decision, the court finds it is in the children's best interest for [Father] to make medical decisions for the children.

Although the trial court stated it was "adopting" the magistrate's best interest findings, it did not state that it was "terminating" the shared parenting plan.  The October order states that the trial court was modifying Father's "designation."

> This court AFFIRMS the Magistrate's designation of [Father] as residential parent and MODIFIES his designation.  [Father] shall be designated residential parent for school purposes.

Neither Mother nor Father appealed the October order.

**Status Conference on Father's Second Motion for Custody**

{¶ 7}  On October 27, 2023, the parties appeared before the magistrate for a

status conference on Father's second motion for custody. The magistrate stated that it was confused by the wording of the October order. The magistrate was unsure if the trial court had terminated the shared parenting plan and acknowledged that the trial court's decision could be read "either way." The magistrate ultimately decided that it would proceed based on its reading, which was that the shared parenting plan was terminated, and that Father was the children's custodian. The magistrate dismissed Father's second motion for custody based on mootness. The magistrate reasoned the "judge can correct me if I'm wrong."

{¶ 8} Mother filed an objection, asserting that the magistrate's decision was contrary to the October order. On January 17, 2024, the trial court entered a final appealable order ("clarifying order") stating it had not terminated the shared parenting plan but had merely modified a term of the shared parenting plan to designate Father as the residential parent for school purposes.

> This judge affirmed the Magistrate's Decision but modified [Father's] designation. The Magistrate recommended designation of [Father] as residential parent and legal custodian. This court modified that finding, and determined that it was in the children's best interest for [Father] to be designated "residential parent for school purposes." The court also determined that [Father] would make medical decisions for the children.
>
> While the court failed to specifically overrule the Magistrate's termination of the shared parenting plan, the text of the Decision and the court's intent is to leave shared parenting between these parents intact. The court specifically finds that the shared parenting plan shall remain in place.

Father now appeals, raising a single assignment of error for review.

**Appeal**

{¶ 9} THE TRIAL COURT ERRED AS A MATTER OF LAW IN DETERMINING IN THE ALL PURPOSE ENTRY FILED JANUARY 17, 2024 THAT FATHER WAS NOT

THE RESIDENTIAL PARENT OF THE CHILDREN AND THAT THE PARTIES HAD SHARED PARENETING [sic] OF THE MINOR CHILDREN.

{¶ 10} In his sole assignment of error, Father argues the clarifying order improperly modified the October order. Father maintains that the trial court clearly terminated the shared parenting plan in the October order and that the trial court lacked jurisdiction to enter the clarifying order and that he was deprived of due process of law.

{¶ 11} Upon review of the record, we find the trial court did not err by entering the clarifying order, as there is an inherent authority to clarify a judgment entry where confusion exists as to its meaning. *Robinette v. Bryant*, 2013-Ohio-5887, ¶ 6 (4th Dist.); *Rubin v. Rubin*, 2006-Ohio-2383, ¶ 23-25 (11th Dist.); *Long v. Long*, 1999 Ohio App. LEXIS 2032 (5th Dist. May 5, 1999). *See also In re S.C.T.*, 2005-Ohio-2498, ¶ 7 (12th Dist.) (courts possess the inherent authority to correct errors in judgment entries so that the record speaks the truth).

{¶ 12} The simple fact is that the October 16, 2023, order is confusing. The trial court stated that the magistrate "did not make findings sufficient to terminate the parties shared parenting plan." However, the trial court then observed that the magistrate "made findings that actually support retention of the shared parenting plan" and stated that it was "adopting" the magistrate's best interest findings.[2] Yet, nowhere does the trial court state that it was terminating the shared parenting plan. The trial court stated that it was modifying Father's "designation." In short, there was rightful confusion below as to whether the trial court had terminated the shared parenting plan or merely made a modification.

---

2. This is where the main source of confusion seems to lie. The magistrate's best interest findings were that the shared parenting plan should terminate. However, the trial court had just stated that the magistrate's findings "actually support retention of the shared parenting plan."

**{¶ 13}** Neither party chose to appeal from the obviously flawed order. App.R. 4(A). The October order was issued on October 16, 2023, and the parties appeared before the magistrate just 11 days later where the confusion was evident. Mother and Father both had different interpretations of the trial court's October order. The magistrate acknowledged that it could be read "either way" and the "judge can correct me if I'm wrong." Our review of the record reveals that the trial court did not "modify" the previous order as Father argues. Instead, we find the trial court clarified its poorly worded order. Having found no merit to Father's arguments, his sole assignment of error is overruled.

**{¶ 14}** Judgment affirmed.

S. POWELL, P.J., and M. POWELL, J., concur.